## A. A. HYDE v. A. J. TREWHITT.

CONTESTED ELECTIONS.—*Usurpation of office.*

1. Statutory mode of contesting elections, or proceeding against persons for holding office in violation of law.

DISTRICT ATTORNEY.—*Induction into office.*

2. No formal induction into office is necessary in the case of a District Attorney. He gives no bond, but upon being legally elected or commissioned, and having taken the oaths required by law, is then fully qualified in his office, without any action of the court in which he is to perform his duties.

THE SAME.—*Contesting right to office.*

3. Before permitting a person to assume the management of the business of the State in its presence, the Court would, of course, satisfy itself that the person proposing thus to act was legally entitled to do so. And the Court would also hear the claims of a contesting party. But this is merely for the purpose of informing the conscience of the Court, and is in no sense a proceeding *inter partes.*

THE SAME.—*No right of appeal.*

4. The order of the Court in such a case, recognizing the right to the office in one or the other claimant, is merely in the nature of an order regulating its own proceedings, and not being conclusive as between the parties, no appeal lies from it.

THE SAME.—*Judgment in such a case.*

5. The Supreme Court will, in such a case, reverse and declare void for want of jurisdiction the order of the Circuit Court, so far as it undertakes to adjudicate the right to the office in question; and without attempting to revise the action of the Circuit Judge in recognizing one of the contestants as the rightful officer, will remit the parties to their proper remedies.

ANDREWS, J., delivered the opinion of the court:

On the 24th day of June, 1864, A. A. Hyde was by Andrew Johnson, Military Governor of the State of Tennessee, appointed Attorney General for the Fourth Judicial Circuit of this State, and duly commissioned and qualified as such.

On the 30th day of May, 1868, an election was held in said Judicial Circuit, under authority of a proclamation issued by Willlam G. Brownlow, Governor of the State, for the purpose of filling a vacancy, or supposed vacancy, in the said office. At this election the appellant Hyde refused to become a candidate, claiming that his term of office had not expired, and that no vacancy existed which authorized the Governor to order an election. The only candidate voted for at this election was A. J. Trewhitt, and he was declared duly elected, received his commission from the Governor, and qualified by taking the required oaths of office.

On the 16th day of June, 1868, A. J. Trewhitt appeared in the Law Court of Chattanooga, a court belonging to said circuit, produced before the court his commission, with proof that he had taken the requisite oaths of office, and moved the court that he be admitted to the office of Attorney General for the said circuit.

The incumbent, Hyde, objected to the induction into office of the said Trewhitt, and by leave of the court filed his objections in writing, in which he insisted that the election, and the commission issued in pursuance thereof, were void, for the reason that no vacancy existed in the office, and for other reasons.

Trewhitt filed a writing in the nature of a reply to the objection filed by Hyde, in which he claimed that the said objections were insufficient in law and untrue in fact ; and that the said objections could not be inquired into in that proceeding.

A trial of the matter was had before the court, upon which the contestants produced in evidence their respective commissions and official oaths, with other testimony in regard to the election.

The court decided and entered of record that A. J. Trewhitt was the proper and constitutional Attorney General elect and duly commissioned, and had the right to be inducted into office, and ordered that Hyde pay the costs of the proceeding ; from all which action of the court Hyde prayed an appeal in the nature of a writ of error to this court.

Can the right of either Hyde or Trewhitt, to hold the office of District Attorney General, be adjudicated in this proceeding ?

The writ of *quo warranto* is unknown in the practice of this State. The Code in section 900 *et seq.* provides that should a candidate for the office of District Attorney desire to contest his election, he shall within twenty days after the election, present a sworn statement of the grounds of contest to the Chancellor, that notice shall be given to the person whose election is contested, and the Chancellor shall hear the testimony and determine the contest, and an appeal from his decision lies to this court.

By section 3409, *et seq.*, of the Code, an action lies in the name of the State, whenever any person unlawfully holds or exercises any public office or franchise within this State. The suit is brought by bill in equity, filed either in the Circuit or Chancery Court of the county or district, and may be brought by the District Attorney, when directed to do so by the General Assembly, or by the Governor and Attorney General of The State ; or it may be brought on the information of any person, upon his giving security for costs. But under this form of proceeding, the validity of any election which may be contested under the provisions of the Code cannot be tried. § 3423.

Which of these two modes of proceeding would have

been the proper one by which to determine the right to the office now in contest, it is unnecessary now to discuss, as it is certain that the contest now before us cannot be considered as having been commenced or carried on in either mode provided by the Code.

The proceeding in the case was summary, consisting simply in a motion on the part of Trewhitt to be admitted to the office, the objections made by Hyde to his admission, and the decision of the Circuit Judge, after hearing the allegations and evidence of the parties, that Trewhitt was entitled to the office.

It is to be observed that no formal induction into office by the court is necessary in the case of a District Attorney. He gives no bond, but on being legally elected or appointed and commissioned, and having taken the oaths required by law, is then fully qualified in his office without any action of the court in which he is to perform his duties.

The court may, and of course would, before permitting a person to assume the management of the business of the State in its presence, satisfy itself that the person thus proposing to act, was legally entitled to do so.

But such summary inquiry and decision on the part of the court in the case of a district attorney, are made for its own guidance solely, and not in any manner for the benefit of the opposing claimants, or as an adjudication between them. The court will take judicial notice of the qualification of the district attorney ; but at the same time may inform itself by the best means within its reach ; and if in so doing it think fit to hear one or both claimants, it does not render the proceeding an action between the claimants in which their right can be adjudicated.

This is all that in legal effect the proceeding in the

present case amounts to. Mr. Trewhitt presented his commission to the court and asked to be admitted to the office of District Attorney, which motion was sufficient as a mode of bringing his title to the office to the notice of the court, though no formal admission or induction to the office by order of the court was necessary. The court thereupon allowed Mr. Hyde to present his claims to the office, which the court had the right to do also.

But in so far as the court allowed these two claimants to contest their respective rights—not as furnishing information to the conscience of the court, but as a litigation between themselves for the purpose of an adjudication *inter partes*, the whole proceeding is *coram non judice*.

The Circuit Court had no jurisdiction to try or adjudicate upon the rights of these claimants to the office in question as between themselves in this proceeding. It is not a proceeding to contest an election under section 900 of the Code; for that proceeding must be had before a Chancellor, and a circuit court has no jurisdiction. It is not an action under section 3409; for it bears not the slightest resemblance to the mode of proceeding there prescribed, and in fact is not an action at all.

The case has been brought before us as if it were a suit between these two claimants of the office; while in fact it is, so far as it is proper at all, merely an inquiry instituted by the court with a view to regulate its own action. Considered in that aspect, it is a proceeding in which there are no parties, no issue and no judgment or decree, from which an appeal will lie.

Several cases are contained in the reports of this State, in which contests between the claimants of office have been commenced as in this case, simply by motion to induct.

But in neither case does it appear that any objection was made in either court to that mode of determining the controversy ; and in neither of them did the question arise in regard to the office of District Attorney, who needs no induction or qualification at the hands of the court, and the validity of whose title to the office as against an adverse claimant the Circuit Court has no right to adjudicate, except in the mode pointed out by the statute.

As the jurisdiction of this court to make a final decree between these claimants as to their rights to the office, can_ not be sustained upon the theory of an adverse litigation between them, of which the court below had jurisdiction, neither can it be sustained considered as an appeal from the *ex parte* refusal of the Circuit Court to allow Mr. Hyde to perform the duties of the office. · No such case is embraced within the statute allowing appeals in the nature of a writ of error. Code, sec. 3174.

The appeal in the case of Champion vs. The State, 3 Coldwell, 111, was sustained upon the ground that the order made in that case was in effect an order striking the attorney from the roll ; a case in which an appeal is expressly given by a statute. Here is no proceeding against Mr. Hyde. The court decides that it will not recognize him as an officer of the State, or allow him to appear on behalf of the State in its presence ; but there is no judgment or decree which binds him or concludes his title to the office ; and the court, as has been already stated, has no jurisdiction in this proceeding to render such a judgment or decree.

In making such an *ex parte* order, the *nisi prius* court acts in the necessary exercise of its power to regulate its own proceedings, and without any adjudication upon the validity of either claim to the office, decides to ignore one

claimant as an officer of the State. The power to do this must necessarily exist in the court ; and whether the court has decided correctly or not, we cannot assume to decide without passing upon the validity of the title to the. office ; which in this proceeding we have no power to do.

We cannot, upon this appeal, revise the action of the court below in permitting Mr. Trewhitt to act as Attorney General in its presence, and we do not attempt to decide whether that court arrived at a correct conclusion upon that point.

But that court, having in a proceeding which upon the record bears the form of an adverse proceeding, and in which the parties actually were adverse actors, made an order which by its terms and form purports to adjudicate a question between parties, and to conclude their rights. We will reverse and set aside the order in that respect as void, and made without jurisdiction. But we make no decree as to which of the parties is entitled to the office in question, nor any order as to which of them shall be permitted to act therein, before the court below.

The order made by the Circuit Judge will be declared void and of no effect, so far as it assumes to adjudicate the right to the office in question, and the parties will be left to contest their respective claims in some other form of proceeding, if they shall choose to do so.