Freeman, J.,
delivered the opinion of the court:
The bill in this case is filed by complainants, as citizens and taxpayers of tbe town of Newport, Oocke county, against defendants, to use tbe 'language of tbe bill, “as citizens of said town and proposed incorporators of Newport,” also tbe sheriff of Oocke county, together with tbe register of said county.
Tbe bill is in fact, on its face, a bill to- bave a charter, granted under the great seal of tbe state, by tbe secretary of state, and duly registered, as required by tbe acts of 1875 [ch. 92], as amended by tbe act of 1877 [ch. 121; Shannon’s Code, sec. 1881 et seq.], declared fraudulent, irregular, null and void, and -of no force and effect whatever. This is tbe prayer of tbe bill, based on charges of irregularities and frauds charged in tbe bill, in tbe whole procedure, precedent to the grant of the charter. These irregularities are of the most glaring character [criminal] charges, and the facts reported by the referees, and not excepted to by defendants, in many vital matters, sustain tbe charges of the bill, notably the fact that there was not a vote of two-thirds of the qualified voters of tbe incorporated territory who voted for incorporation, as required by the acts of 1875 [oh. 92] and 1877 [ch. 121; see Shannon’s Code, sec. 1881 et seq.]
The chancellor decreed in favor of the complainants, and the referees, on grounds somewhat different from the *148 chancellor, have reported in favor of an affirmance of the decree, to which several exceptions are filed.
It is proper 'to say here, that the proof shows a charter regularly issued by the secretary of state,, and registered in the register’s office, on certificate of the sheriff that the preliminary steps required by law had been taken, an election had, and two-thirds of the qualified voters having voted for the corporation. All this was done before the bill was filed, and part of the officers had been qualified, the mayor elect declining, we believe, to do so.
The first exception filed by respondents raised the main question on which this case turns. It is “because the referees report that complainants, as citizens and taxpayers, can file the bill to declare the charter granted by the state void, unless objection had been raised by demurrer.”
The argument in support of the exceptions is that a forfeiture of a charter when granted, and the act of incorporation complete, can only be had under the provision of the Code, sec. 3409 et seq. [Shannon’s Code, sec. 5165 et seq.], and this remedy is exclusive.
The referees say “that if this question had been made by demurrer, it would probably have been well taken, but as no demurrer was filed, nor any such defense made in the answer, -under secs. 4321 and 4385 [Shannon’s Code, secs. 6131 and 6195], the objection is waived, and cannot now be used to defeat the relief prayed.
The first of these sections is: “The filing of an answer is a waiver of objection to the jurisdiction of the court, and the cause will not be dismissed, but heard and determined on its merits, although the court may be of an opinion that the matters complained of are of legal cognizance.” But it is seen the objection is not to the jurisdiction of the court, but to the right of complainants in this form of proceeding to- go into any court; much less is the objection that the matters are of legal cognizance^ and not equitable. This would also be null, if such had been the *149 objection, by the act of 1877 [ch. 97; Shannon’s Code, sec. 6109], enlarging the jurisdiction of chancery court. The objection is to any right of action whatever in the complainants in the form of proceeding adopted, and in the character in which they sue and assert their claim.
Section 4385 [Shannon’s Code, sec. 6195] simply provides that “after answer -filed, and no plea in abatement to the local jurisdiction of the court, no exception for want of jurisdiction shall afterwards be allowed.” This only makes an answer, with no plea in abatement, a waiver of the objection of want of local jurisdiction in the court, but no such question is presented, nor is the objection, as Ave have shown, based on any such ground. It is, that conceding the facts proven, complainants are not entitled to the remedy sought, having no right to the relief as prayed in any court, in the form of proceeding adopted. The bill should be dismissed on its merits, because no legal right to the relief shown. This we do not think can be waived by failure to demur.
We now proceed to dispose of the question as raised. By the act of 1875 [ch. 92], entitled “An act to regulate and organize municipal corporations of certain population, and for increase and diminution of their powers, ’ ’ it was proAÚded that on petition as therein proAnded, territory requisites, might have an election held, after a census of the population of the proposed territory and survey, and that a majority of two-thirds of the qualified voters of the territory voting for incorporation,- a prescribed certificate was to be made out and forwarded to the secretary of state, Avhe-reupon this officer was to issue a charter of incorporation for said municipality. This act was amended by the act of 1877, p. 143 [ch. 121], so as [Shannon’s Code, sec. 1887] to alloAV the election to be held on application of five instead of fifteen freeholders [this applies only to the provision for taking in adjoining territory, and the judge seems to- have fallen into mistake of applying it to *150 the original incorporation of the town. See acts 1875, ch. 92, sec. 15, and 1877, ch. 121, sec. 2; Shannon’s Code, sec. 1909], and authorizing [Shannon’s Code, sec. 1881] any territory not included in any other municipality to he incorporated under the two acts. It is then added [Shannon’s Code, sec. 3895]: “And upon return of the vote authorized by said section 3, the cleric of the county court shall certify to the secretary of state that notice was duly given and application made in due form of law, the survey, the entire number of votes cast, and corporate name of the municipality.” Whereupon [Shannon’s Code, sec. 1896], “that it shall be the duty of the secretary of state, upon the receipt of said certificate, to file the same in his office, and thereupon issue a certificate of incorporation in these words: ‘State of Tennessee', Charter of Incorporation,’ ” etc. The form of such charter is then given, and he is required to affix thereto his official name and the great seal pf the state, and forward the same to the county court clerk, who shall immediately cause the same to be registered, and [Shannon’s Code, sec. 1899] the same, after registration, shall not be collaterally questioned as a legal municipal corporation. By the eighth section of the act of 1877 [Shannon’s Code, secs. 1897 and 3894] it is provided that “no application, or charter of incorporation for such town, shall be registered, or, if registered, shall be of any force whatever, unless the certificate of the sheriff holding said election shall be indorsed thereon,” etc., and then the form of such certificates is given, as required. It is insisted this certificate in the present case does not show the requisite state of facts conforming to the statute, and is therefore void on its face, and so the argument would be the incorporation was not complete. But on looking to the certificate on the copy of charter made an exhibit to the bill, it is found to be in exact conformity to the one as given in *151 the statute. In fact, it is evident it was copied from the statute.
Upon this state of facts it appears that on a regular certificate, as to the precedent steps having been taken, a charter lias been issued by the secretary of state, under the great seal of the state, and registered as required by law, and the question now is on the aspect of the case, whether these citizens, as such, can go behind this, in a proceeding like this, to show its invalidity. By fourth section of act of 1877 [Shannon’s Code, sec. 1899], as well as by the act of 1875 [ch. 92, sec. 6], it is provided that “after the same shall have been registered, it shall not be collaterally questioned as a legal municipal .corporation.” By fifth section of act of 1877 [Shannon’s Code, sec. 1901] it is further provided “that upon such registration, the petitioners and their successors, and all others residing within said district, shall be incorporated and be vested with all the rights incident to corporations,” etc.
By force of these provisions, the incorporation has been máde complete, and the legal municipal entity is created, and is to be treated as a regular municipality of the state on any collateral attack.
This implies that there shall and may be a direct attack, by which the validity of such a corporation may be questioned, and upon well-settled principles, the attack on the life of an existent corporation is only to be done by a direct proceeding to have its franchises forfeited, or to have its officers wrested of their offices as holding them without authority of law.
The common law recognized two modes of enforcing the forfeiture of a charter, one was by scire facias, the other by information in the nature of a quo- warranto. The first was applicable when there was a legally existent-body capable of acting, but who had been guilty of an abuse of the power intrusted to them. The other was used when there was a body corporate de facto-, who take *152 upon themselves to act as a body corporate, but from some defect in' their constitution they cannot legally exercise the power they affect to use. Waifs Actions & Defenses, Vol. JL, p. 349, and numerous authorities cited. By our Code, sec. 4146 et seq. [M. & V.], sec. 3409 (T. & S.) [sec. 5165 et seq. of Shannon’s Code], entitled: “Of proceedings in the name of the state against corporations, and to prevent usurpation of office,” remedy is, provided covering both the proceedings used at common law, and intended as a substitute for them. [State v. McConnell], 3 Lea, 336. The proceeding is to be in the name of the state, by her attorney-general in the district or county, when directed by the attorney-general, governor or general assembly, and is brought by bill in equity, either in the circuit or chancery court of the county or division in which the office is held or corporation or supposed corporation holds its meetings. It may be brought whenever any person unlawfully holds or exercises any public office or franchise within this state, or any office in any corporation created by the laws of the state (sub-sec. 1), or when any person act as a corporation within this state without being authorized by law (sub-sec. 3). Other cases are provided for that need not be noticed.
We think these provisions apply to the case made before us in this record. It is claimed that the persons assuming to be officers, are unlawfully holding these offices in this corporation, and the persons assuming to act as a corporation are doing so without authority of law. The referees have so reported. .This being so, the remedy of parties aggrieved is by the proceeding provided for in the chapter of the Code cited; and in the cases provided for, this remedy is exclusive, on the principle that an affirmative requirement is equivalent to the negative of its opposite, or' to a different thing than that prescribed.
The referees have reported this bill sustainable, under the principles of such cases. Lynn v. Polk, 8 Lea, 121, *153 128; [Ford v. Farmer], 9 Hum., 158; [Bradley v. Commissioners], 2 Hum., 433. That is, that a citizen and taxpayer may file a bill to enjoin and prevent an anticipated injury, qnia timet, and have relief in a court of chancery. Rone of these cases have any bearing on a case like the present, where the act of incorporation is complete and the validity of the corporate existence is to be questioned. In fact the two cases, 2 Hum. and 9 Hum., and like cases as to organization of counties, so far as they point to the question, agree with the conclusion we have reached in recognizing the doctrine that after the- wrong is done it. is too late for a court of chancery to intervene.
In view of the facts found in this record, and the report of the referees, which is not questioned by exception as to these facts, this is a cáse where it would be the duty of the attorney-general to give the use of the name of the state to parties aggrieved, and that duty he will, no doubt, cheerfully perform. We cannot, however, sustain this proceeding without disregarding settled principles long established and founded in the soundest public policy. If this bill can be sustained, no reason is seen why the corporate life of any municipality of the state may not be brought in question in any contest or litigation in which it may be involved, or at the suit of any and all parties who choose from any cause to. make the question. Our law to prevent this has wisely provided it shall be in the name of the state and in the manner provided for. It is enough the law is so written. The decree of the chancellor is reversed, the report of the referees disapproved, but without prejudice to the right sought to* be asserted in a proper proceeding. Dismiss the bill.