## SMITH *et al. v.* CITY OF LAWRENCEBURG *et al.*

Opinion filed May 19, 1934.

F. F. LOCKE, of Lawrenceburg, for appellants.

JOHN F. MORRISON, JR., of Lawrenceburg, for appellees.

MR. CHIEF JUSTICE GREEN delivered the oinion of the Court.

In this proceeding, brought under the Declaratory Judgments Statute (Code, sec. 8835, et seq.), the integrity of the charter of Lawrenceburg is questioned by certain citizens and property owners within that municipality. The chancellor declared against the contention of the complainants, and they have appealed.

After 1901, Lawrenceburg functioned under a charter provided by chapter 457 of the acts of that year and amendments thereto. Governing authority was vested in a mayor and ten councilmen.

In 1915, by appropriate proceedings authorized by chapter 49 of the Public Acts of 1913, First Extra Session, a commission form of government was adopted for the municipality.

Chapter 49 of the Public Acts of 1913, First Extra Session, was "An Act to provide a commission form of government for cities, towns, and other municipalities within the State of Tennessee which are not operating under a commission form of government on November 1, 1913." The act set out the manner of adopting such form of government by such municipalities, defined the rights, liabilities, and duties thereof, and provided a charter for municipalities adopting the provisions of the act.

Chapter 49 of the Acts of 1913 (1st Ex. Sess.) was printed in the Public Acts of that year and is said by the complainants to be a public and general act.

Section 2 of the Code of 1932, effective January 1, 1932, is as follows:

"All public and general acts passed prior to the present session of the general assembly, and all such acts the subjects whereof are revised in this Code, except those named below, subject to the limitations and with the

exceptions herein expressed, are repealed. And, in case of any conflict between the acts of this session of the general assembly and this Code, the former shall be controlling, and this regardless of respective dates of passage or approval.''

The complainants refer to a line of authorities collected in 43 C. J., 172, holding that the repeal of a general law, under which a municipality is incorporated, effects a dissolution of such corporation. *Luehrman* v. *Taxing District,* 70 Tenn. (2 Lea), 425, is included by the text-writer in these cases.

The argument is that the Code of 1932, not including chapter 49 of the Acts of 1913, was effective to repeal that statute under which Lawrenceburg is organized, and that, since January 1, 1932, Lawrenceburg has been without a charter or corporate existence.

It appears from the bill that the Lawrenceburg commissioners, assuming to function under the Act of 1913, have, by proper proceedings, made arrangements to construct a sewerage system for the municipality. The commissioners have entered into a contract with government authorities, under provisions of the National Industry Recovery Act (48 Stat., 195), whereby funds will be obtained for the construction of this sewerage system, and the commissioners are on the point of issuing bonds for the city of Lawrenceburg to secure the loan of funds to be obtained from the government. It is conceded that all proceedings taken by the commissioners have been regular under chapter 49 of the Acts of 1913, and the complainants' sole proposition is that the Act of 1913 has been repealed by the Code. Chapter 68 of the Public Acts of 1933 sanctions proceedings, for the construc-

tion of sewerage systems, such as were taken herein, by municipal authorities.

The complainants have failed to take into account subsection 1 of section 3 of the Code. Section 3 enumerates several classes of laws which the enactment of the Code does not repeal. One class of laws is designated in subsection 1 and thus described:

"Local, special or private acts; or general or public acts of a temporary nature. By local act is meant one applicable to one or more, but not all, subdivisions or parts of the state."

We think chapter 49 of the Acts of 1913 plainly falls within that class of acts indicated by subsection 1 just quoted. It is a local act as here defined.

The Act of 1913, in terms, is only applicable to municipalities "which are not operating under a commission form of government on November 1, 1913." The court knows that there were many towns and cites within this state operating under a commission form of government, provided by different statutes, on November 1, 1913. Chapter 49 of the acts of that year did not apply to such towns and cities. Therefore, the Act of 1913 was "applicable to one or more, but not all, subdivisions or parts of the state." The act was accordingly a "local act" and was withdrawn from the purview of section 2 of the Code.

A decision somewhat in point is *Pesterfield et al.* v. *Vickers*, 43 Tenn. (3 Cold.), 205, 210, construing the general repealing section (41) and exceptions thereto (section 42) of the Code of 1858.

The decree of the chancellor is affirmed.