CITY OF FAIRVIEW et al.

*v.*

H. H. SPEARS et al.

359 S.W.2d 824.

(*Nashville,* December Term, 1961.)

Opinion filed May 4, 1962.

Petition for Rehearing Denied June 5, 1962.

WILLIAM R. WILLIS, JR., JOHN J. HOOKER, Nashville, for appellants.

HARDIN H. CONN, Nashville, MARK H. COLLIER, Dickson, for appellees.

MR. JUSTICE DYER delivered the opinion of the Court.

Appellees, H. H. Spears and others as citizens, residents and taxpayers for themselves and others similarly situated on August 10, 1961 filed their original bill, later amended, against Appellants, The City of Fairview, a municipal corporation in Williamson County and the officers of said corporation for the purpose of having the charter of this corporation declared null and void. Appellants demurred to this bill and the Chancellor in overruling same allowed a discretionary appeal to this Court.

The City of Fairview was incorporated in July 1959 under Title 6, Chapters 18 to 23, T.C.A. inclusive, and prior to incorporation this area was rural in that same had not been previously incorporated. Charters held under these statutes are known as city-manager form of municipal government, and Chapter 18 sets out in detail the procedure to be followed in adopting same. The statutes require a petition in writing, stating the proposed corporate name, proposed boundaries, signed by twenty per cent of the legal voters, (measured by those voting in the last general election) addressed to the County Election Commissioners requesting an election for the adoption of a city-manager form of charter. The statutes detail the manner, way and time the election commissioners shall call such an election, canvass the

results and certify same. If the result shows a majority favorable, then the city-manager form of charter shall be deemed adopted.

The original bill as amended in great detail alleges many irregularities in the signing of the petition, description of the boundaries, manner and way of calling and holding the election and certifying the returns. In substance the bill alleges the procedures followed in this incorporation are in such violation and disregard of statutory requirements, that the charter is absolutely void and of no legal effect.

Appellants second assignment of error is as follows:

"The complainants cannot maintain this suit because an attack is made on the charter or franchise of the City of Fairview and under the statute such a suit must be brought in the nature of a quo warranto proceeding in the name of the state on the relation of the District Attorney General."

By this assignment of error Appellants raise the question can Appellees in their private interest as taxpayers maintain this suit, or is it necessary to be brought in the name of the state in a quo warranto proceeding.

The early decisions in this state held the ancient writ of quo warranto was unknown to the practice in Tennessee. *Attorney General v. Leaf*, 28 Tenn. 735 (1849); *Hyde v. Trewhitt*, 47 Tenn. 59 (1869). The Legislature of 1845-1846 passed the first statute on this subject, which embraced most all the objects obtained by the common law writ. This basic statute has been a part of our statutory law since, and is now carried as Sections 23-2801 to 23-2821, T.C.A., inclusive. *State ex rel. Thurman v.*

*Scott,* 184 Tenn. 76, 195 S.W.2d 617; *State ex rel. Wallen v. Miller,* 202 Tenn. 498, 304 S.W.2d 654.

Appellees contend that the statutory quo warranto proceeding does not apply to a municipal corporation; but that, in their private capacity as residents, citizens and taxpayers of the municipality, they may attack its corporate existence and maintain this bill for that purpose.

In support of their position cite three cases, namely; *State ex rel. v. Waggoner,* 88 Tenn. 290, 12 S.W. 721 (1889); *Williams v. Nashville,* 89 Tenn. 487, 15 S.W. 364 (1891); Re-Districting Cases (*Grainger County v. State*), 111 Tenn. 234, 80 S.W. 750 (1903).

*State ex rel. v. Waggoner* did say that the quo warranto statutes, now carried as T.C.A. secs. 23-2801 to 23-2821, "relates alone to private and public corporations, and not to municipalities;" but it did not hold that complainants, in their private capacity as citizens, residents and taxpayers of the municipality, may maintain a bill to attack its corporate existence. No such question was involved or decided in that case.

*State ex rel. v. Waggoner* was a quo warranto proceeding brought in the name of the state by the District Attorney General against the Mayor and Aldermen of Johnsonville, alleging their election was void and seeking to prevent them from exercising such offices. The Chancellor held such election was void and defendants did not appeal. Complainant appealed and undertook to "pursue the controversy further for the settlement of abstract questions no longer involved."

So, the expression that the quo warranto statute "relates alone to private and public corporations, not to

municipalities," was not necessary to the decision in that case, and is dictum. But in using this expression, the Court did not imply that private citizens might attack the corporate existence of a municipality.

On the contrary, the Court said that such municipality was an arm of the state and may be repealed at pleasure by the Legislature; and that the Legislature did not propose "to make these arms of the state government objects of litigation for existence with itself, when it had the undoubted power to terminate their existence by an Act whenever it saw fit to do so."

Upon this latter point, the Waggoner case was cited in *Williams v. Nashville,* supra and the Re-Districting cases.

In 44 Am.Jur. page 123 in their article on quo warranto we find the following:

"Municipal corporations are, like other corporations, subject to actions at law, and so, in a proper case, may be proceeded against by quo warranto. They are delegated agencies of the state government and their existence as such should not be subject to indirect attack at the caprice of private interests, but should be open to question only in a direct proceeding in the interest of the public. For such purpose the appropriate remedy is quo warranto, and it will lie at the instance of the state to challenge the corporate existence of a municipal or other public corporation which is in de facto exercise of corporate life."

In 62 C.J.S. sec. 32, page 109 in their article on municipal corporations, the following statement is made:

"Where the municipality is at least a de facto corporation, or is acting under the color of law, the validity

of its organization and corporate existence can be questioned only by the state in a direct proceeding for that purpose, prosecuted by, or brought through the instrumentality of, the attorney general or such other officer or person as is authorized to invoke the remedy, or by some individual, under authority of the state, who has a special interest which is affected by the existence of the corporation; it cannot be questioned in a collateral proceeding, especially in a suit by or against an individual.''

In 1 McQuillin on Municipal Corporations (3rd ed.), Sec. 3.49, the rule is well stated:

"An inquiry into the legal existence of a municipality is in general reserved to the state in a proceeding by quo warranto or other direct proceeding. With few exceptions, a private person cannot ordinarily, either directly or indirectly, usurp this function of government. This may be done only in an action in the name of the state by some officer or person authorized to represent the interest of the public, such as the attorney general, or the county or prosecuting attorney, or in event of refusal (by statute) by any person upon leave of Court.''

The case of *Hooper v. Rhea,* 3 Tenn.Cas. 145, (1885) presents a somewhat similar situation to this case. The City of Newport attempted to incorporate under a general law; Chapter 92, Acts of 1875, as amended. This law set out the procedures by which a community could incorporate and be chartered. The bill was filed by citizens and taxpayers to have the charter declared null and void due to irregularities and fraud in the procedure prior to

the granting of the charter. In this case the Court stated as follows:

"The question presented can these citizens as such go behind the granting of the charter in a proceeding such as this to show its invalidity.

"The common law recognized two modes of enforcing the forfeiture of a charter, one was by scire facias, the other by information in the nature of a quo warranto. The first was applicable when there was a legally existent body capable of acting, but who had been guilty of an abuse of the power intrusted to them. The other was used when there was a body corporate de facto, who take upon themselves to act as a body corporate, but from some defect in their constitution they cannot legally exercise the power they affect to use. By Sec. 4146, et seq. (M & V Code), Sec. 5165 Shannons Code entitled. 'Of proceedings in the name of the state against corporations, and to prevent usurpation of office,' remedy is provided covering both proceedings used at common law, and intended as a substitute for them.

"If this bill can be sustained, no reason is seen why the corporate life of any municipality of the state may not be brought in question in any contest or litigation in which it may be involved, or at the suit of any and all parties who choose from any cause to make the question. Our law to prevent this has wisely provided it shall be in the name of the state."

The original bill alleges in response to a petition addressed to the Election Commissioners an election was held on July 28, 1959 with the result 102 voted in favor

of incorporation and 4 against. Then under Sec. 6-1806 the vote having been favorable this community is deemed incorporated and has a charter under authority of these statutes Chapters 18 to 23, inclusive. It should be noted here as already shown in this opinion the bill alleges the procedures used in securing this election were such as to render it void, but the question of whether this election was in fact void is not before the Court, but rather whether Appellees as private citizens can go behind this procedure to have this question determined. There then is a similar situation to *Hooper v. Rhea,* supra.

It is well to note here the state by these statutes Chapters 18-23, inclusive having granted authority for a community to obtain a charter of incorporation, also in the same statutes authorizes the manner in which the charter may be surrendered.

In the case of *State ex rel. Wallen,* supra, the Court speaking through Mr. Justice Burnett quoted with approval the following statement from 39 Am.Jur. page 863 Sec. 11:

"Public wrongs or neglect or breach of public duty cannot be redressed at a suit in the name of an individual or individuals whose interest in the right asserted does not differ from that of the public generally, or who suffers injury in common with the public generally, even, it seems, though his loss be greater in degree, unless such right of action is given by statute. * * *

"In cases of purely public concern and in actions for wrongs against the public, whether actually committed or only apprehended, the remedy, whether civil or crim-

inal, is as general rule by a prosecution instituted by the state in its political character, or by some officer authorized by law to act in its behalf, or by some of those local agencies created by the state for the arrangement of such of the local affairs of the community as may be intrusted to them by law. * * *

"In the enforcement of matters of public interest it is generally recognized that the attorney general appearing as a public officer is a proper party to maintain litigation."

While the issues to be decided in the instant case are different from *State ex rel. Wallen v. Miller,* supra the quote above points the direction the courts take in the form of action necessary to redress a public wrong. If, as alleged the charter of Fairview has in fact been obtained in an illegal manner it is a public wrong.

We agree with the reasoning in *Hooper v. Rhea,* supra, that if Appellees can maintain this action the corporate life of any municipality may be brought into question at any time. Municipal corporations are delegated agencies of the state and their very existence should not be subject to attack by private interests.

In Tennessee as previously noted in this opinion statutory provisions govern proceedings in the nature of quo warranto. Section 23-2801, subsection (3) provides that when, "any persons act as a corporation within this state, without being authorized by law," quo warranto will lie. Is this not in substance what the bill in this case alleges, that the defendants as officers of the City of Fairview are acting as a corporation, without being authorized by law, in that the charter of the corporation was obtained in an illegal manner and is void.

Counsel for Appellees in their brief insist citizens, residents and taxpayers have a right to file suit in their own name as individuals to test the legal existence of a municipal corporation, and in support of this position rely on the case of *Smith v. City of Lawrenceburg,* 167 Tenn. 447, 71 S.W.2d 214.

The City of Lawrenceburg was incorporated in 1915 under authority of Chapter 49, Public Acts of 1913, First Extra Session. The 1932 Code became effective on January 1, 1932. The bill was filed by citizens and property owners alleging by adoption of the 1932 Code, that Chapter 49, Acts of 1913 were repealed, and in effect the City of Lawrenceburg had no charter since the statutes under which it was incorporated were now invalid. The bill was filed under authority of our Declaratory Judgments Statutes, T.C.A. sec. 23-1102 et seq. Appellees do not allege the statutes under which the City of Fairview was incorporated are invalid. This case is not authority for Appellee's position.

It results Appellees as private citizens cannot bring an action to have the charter of the City of Fairview declared void, as such action will have to be brought in the name of the state under Sections 23-2801 to 23-2821, T.C.A., inclusive.

Appellants' second assignment of error is sustained. The judgment of the Chancellor is reversed and the cause dismissed.