ANNIE E. FLEMING, by next friend, *v.* CITY OF MEMPHIS.*

(*Jackson.* April Term, 1912.)

1. **CONSTITUTIONAL LAW.** Class legislation in favor of a particular municipality must have what basis, to be constitutional.

Under the constitutional prohibition (art. 11, sec. 8) against partial legislation in favor of particular individuals other than such as may be extended to any member of the community who may be able to bring himself within its provisions, laws public in their character, and otherwise unobjectionable, may extend to all citizens, or be confined to particular classes; and while municipalities may be classified for conferring upon them certain rights, privileges, immunities, or exemptions not enjoyed by the community at large, yet the classification must not be mere arbitrary selection, for it must have some basis which bears a natural and reasonable relation to the objects sought by the legislation, and there must be some good and valid reason why the particular municipality upon which the benefit is conferred should be so preferred. (*Post, pp.* 334-337.)

Constitution cited and construed: Art. 11, sec. 8.

Cases cited and approved: Stratton v. Morris, 89 Tenn., 522; Malone v. Williams, 118 Tenn., 425; State v. Railroad, 124 Tenn., 1; Soon Hing v. Crowley, 113 U. S., 709; Connolly v. Union Sewer Pipe Co., 184 U. S., 540.

Case cited and distinguished: Williams v. Taxing District, 16 Lea, 531.

---

*Liability of municipal corporation for defects or obstructions in streets, see note in 20 L. R. A. (N. S.), 513.

Contributory negligence as affecting such liability, see note in 21 L. R. A. (N. S.), 614.

2. **MUNICIPAL CORPORATIONS.** Liability for injuries resulting from negligence or failure to keep streets in safe condition for travel.

Municipal corporations are liable in actions of tort for injuries to persons sustained by reason of their negligence or failure to keep their streets in safe condition for travel. (*Post, p.* 337.)

Cases cited and approved: Humes v. Mayor, etc., 1 Humph., 403; Memphis v. Lasser, 9 Humph., 757; Nashville v. Brown, 9 Heisk., 1; Niblett v. Nashville, 12 Heisk., 684; Knoxville v. Bell, 12 Lea, 157.

3. **CONSTITUTIONAL LAW.** Rule established by decisions is a general law of the land, and legislation suspending same for a particular municipality, without proper classification, is unconstitutional.

A uniform course of decisions, establishing the rule making every municipal corporation liable for injuries sustained by its negligent failure to maintain its streets, is a general rule of law, and the general law of the land; and a statute (Acts 1879, ch. 11, amended by Acts 1881, ch. 96), providing that the counties in which taxing districts are situated, and the taxing districts themselves shall not be liable for injuries to persons or property, by reason of defects in the streets or alleys, or other property under the control, and within said taxing districts, or for the conduct of those managing the affairs of such districts, which applied only to the city of Memphis, is invalid and void under the constitutional prohibition (art. 11, sec. 8) against partial legislation in favor of particular individual other than such as may be able to bring himself within its provisions. (*Post, pp.* 337-340.)

Acts cited and construed: Acts 1879, ch. 11; Acts 1881, ch. 96.

Constitution cited and construed: Art. 11, sec. 8.

Cases cited and approved: Budd v. State, 3 Humph., 483; Mayor, etc., v. Dearmon, 2 Sneed, 104; Knoxville v. Bell, 12 Lea, 157; Hatcher v. State, 12 Lea, 368; Williams v. Taxing District, 16 Lea, 531.

Fleming v. Memphis.

4. SAME. Population classification fixed under a certain federal census, without reference to future censuses, is vicious, and legislation abrogating a law in favor of municipalities created under such classification is unconstitutional.

Where a statute (Acts 1879, ch. 11, sec. 22) provides that the several communities embraced in the territorial limits in all such municipal corporations as have had their charters abolished, or as may surrender the same, are created taxing districts, and that whenever any community under the government of a municipal corporation, having a population of less than 35,000 inhabitants according to the federal census of 1870, may desire to be governed by such act, the authorities of such corporation shall cause an election to be held, etc., the said statute (Acts 1881, ch. 96) abrogating a general law of the land in favor of a certain municipal corporation, under the name of taxing districts, is invalid and unconstitutional, because the classification under which other municipal corporations may subsequently come within its provisions or scope is inflexibly fixed by the population classification under the federal census of 1870, and because it does not apply equally and alike to all municipalities then and thereafter having the requisite population, nor does it extend to or embrace all which may come into like situation and circumstances, for the reason that the classification is based solely upon the federal census of 1870, and is, therefore, arbitrary and vicious. (*Post, pp.* 340-342.)

Acts cited and construed: Acts 1879, ch. 11, sec. 22; Acts 1881, ch. 96.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County (3d Division) to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—A. B. PITTMAN, Judge.

JAMES H. MALONE and J. S. DUVAL, for plaintiff.

C. M. BRYAN and LEO GOODMAN, for defendant.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

Plaintiff sued the city of Memphis for damages for injuries which she received as the result of the alleged negligence of the defendant in maintaining certain streets, so as to suffer a dangerous hole, ditch, or wash-out to be and remain thereon. The city demurred to the declaration, assigning as cause thereof that the plaintiff was not entitled to recover in this case because the city of Memphis "by special dispensation from the legislature is not liable for the negligence of its agents, employees, and servants in the construction of bridges and highways, nor for their negligence in leaving the same in a dangerous condition in the city of Memphis."

The question presented for determination is the validity of Acts 1879, ch. 11, as amended by chapter 96 of the Acts of 1881, which, after amendment, reads as follows:

"That the counties in which the taxing districts are situated, and the taxing districts themselves shall not be liable for damages, or injuries to persons, or property, by reason of defects in the streets or alleys or other property under the control, and within said taxing districts, or for the conduct of those managing the affairs of such districts."

This statute applies to no other municipality than the city of Memphis. The learned trial judge sustained the demurrer and dismissed the suit, which action was affirmed by the court of civil appeals upon the authority of *Williams* v. *Taxing District,* 16 Lea, 531, and an unreported case said to have been decided by this court in 1907. Section 8 of article 11 of the constitution of this State provides as follows:

"The legislature shall have no power to suspend any general law for the benefit of any particular individual, nor to pass any law for the benefit of individuals inconsistent with the general laws of the land, nor to pass any law granting to an individual or individuals, rights, privileges, immunities or exemptions other than such as may be by the same law extended to any member of the community who may be able to bring himself within the provisions of such law."

We think it too clear for argument at this late day that the exemption, or "special dispensation," as counsel denominate it, in favor of the city of Memphis in the foregoing provision of its charter, is violative of the section of the constitution just quoted. This question has been determined time and again by this court, and resort need not be had to other authority than our own reported cases. There is not a single case, unless it be *Williams* v. *Taxing District,* supra, which intimates to the contrary. Commencing with our latest case of *Malone* v. *Williams,* 118 Tenn., 425, 103 S. W., 807, 121 Am. St. Rep., 1002, we will review only a few of them. In this last case, the court said:

"It is true that the legislature has power to grant special charters to municipal corporations, and may, in general, include within those charters such peculiar provisions, not to conflict with the constitution, as may be needed for the convenience and wellbeing of the particular community. But where these provisions are so general as to fall within a classification common to all the citizens of the State, there can be no justification for erecting a single city into a class by itself, with provisions more onerous than are imposed upon all other citizens occupying the same situation, or more advantageous. It was so held many years ago, in a case cited *infra,* where the legislature attempted to exonerate the city of Memphis from the burden of executing cost or appeal bonds. By the general law of the State, applicable to all citizens, tax officers are permitted to distrain for delinquent taxes. Nowhere else in the State are they permitted to distrain for tax not delinquent except in the city of Memphis, under the section above quoted. The said section creates an unconstitutional discrimination in favor of the city of Memphis, and thus is in violation of the section of the constitution above referred to."

It is true that laws public in their character, and otherwise unobjectionable, may extend to all citizens or be confined to particular classes. With respect to the provision of the constitution under consideration, citizens or municipalities may be classified when the object of the legislature is to confer upon them certain rights, privileges, immunities, or exemptions not enjoyed by

the community at large.   But this classification must
not be mere arbitrary selection.   It must have some
basis which bears a natural and reasonable relation to
the objects sought by the legislation, and there must be
some good and valid reason why the particular munici-
pality upon whom the benefit is conferred should be so
preferred.  *Stratton* v. *Morris,* 89 Tenn., 522, 15 S. W.,
87, 12 L. R. A., 70; *State* v. *Railroad,* 124 Tenn., 1, 135
S. W., 773; *Soon Hing* v. *Crowley,* 113 U. S., 709, 5
Sup. Ct., 730, 28 L. Ed., 1145; *Connolly* v. *Union Sewer
Pipe Co.,* 184 U. S., 540, 22 Sup. Ct., 431, 46 L. Ed.,
679.

It was determined at an early day in *Humes* v. *Mayor
and Aldermen,* 1 Humph., 403, that a municipal cor-
poration for the government of a town or city is the
proprietor of the streets, which it holds as easements,
in trust for the benefit of the corporation, and which it
has the power to grade, pave or otherwise improve.
"And it is well settled at this day," said the court,
"both in England and America, that such a corporation
is liable to be sued in actions of tort in like manner as
natural persons."  *Memphis* v. *Lasser,* 9 Humph., 757;
*Nashville* v. *Brown,* 9 Heisk., 1, 24 Am. Rep., 289; *Nib-
lett* v. *Nashville,* 12 Heisk., 684, 27 Am. Rep., 755.

In *Knoxville* v. *Bell,* 12 Lea, 157, the court reviewed
the authorities in this State, and held that the doctrine
was established that "municipal corporations are liable
in civil actions for injuries to persons sustained by rea-
son of their negligence or failure to keep their streets
in safe condition for persons traveling or passing the

126 Tenn.—22

same, too firmly now to be shaken," and declined to consider authorities from other jurisdictions holding to the contrary. Therefore the general rule of law, applicable alike to all municipalities, at the date of the passage of the statute in question, made each of them liable to any citizen for injuries received as a result of its negligence in failing to properly maintain its streets. If this section of the defendant's charter is valid, we have a general law applying to all other municipalities, which by express legislative enactment is suspended for the benefit of the city of Memphis. That such a law is not the law of the land is clearly settled by *Budd* v. *State,* 3 Humph., 483, 39 Am. Dec., 189, reaffirmed in *Mayor, etc.,* v. *Dearmon,* 2 Sneed, 104, and followed in *Hatcher* v. *State,* 12 Lea, 368. Even in *Williams* v. *Taxing District,* supra, the correctness of this position is recognized, because the court said that "it is very true that a provision of a municipal charter which undertakes to make a law for, or in regard to, that municipality different from the general law, or to withdraw from the operation of a general law, applicable to all municipal corporations, a particular corporation, or class of such corporations, would be obnoxious to the clause of the constitution last cited, because not the law of the land."

Whatever may be said of the correctness of the decision of the court in that case, it seems that the statute under consideration was confused with statutes granting particular franchises or rights to certain municipalities. This statute confers an immunity upon the municipality, and, if it could be valid at all, it must be

general to all municipalities, or the particular munici-
palities to which the immunity is granted must be clas-
sified, so that every municipality which is in, or may
come in, the situation and circumstance which consti-
tutes the reasons for and basis of the classification, can
be entitled to the immunities conferred by the statute.
And the classification itself must rest upon some differ-
ence which bears a reasonable and just relation to the
immunity granted to the class, and it can never be made
arbitrarily and without reasonable basis.

We have already seen, and this is recognized by *Wil-
liams* v. *Taxing Dictrict,* that the general rule of law
in this State makes all municipal corporations liable
for neglect of their streets, and it is immaterial whether
this rule originates with a statute or is found in the com-
mon law.    It is a rule of law, both in England and
America, and has been repeatedly so announced by this
court before the passage of the act of 1881.    It can make
no difference what the rule is called, whether it be re-
garded as "only a consensus of decision" or otherwise.
It is equally effective to determine the liability of all
municipalities for neglecting their streets, and judg-
ments for such neglect, based upon such liability, are
daily enforced against them by the courts of this State.
It is a seizing of the word and a dodging of the idea to
say that this rule of liability, so long and constantly
enforced, is not a general law of the land, suspended
by the act in question for the particular benefit of the
city of Memphis.    Such is its effect and substance, as
well as its form.    With its policy, this court has nothing

to do. But it is its highest duty, as well as its pleasure, to require that this and all other statutes shall square with the constitution.

### ON PETITION TO REHEAR.

The foregoing opinion was prepared and announced at the close of the last term, but a rehearing was granted upon an earnest petition filed by counsel for the city, insisting that under the terms of the defendant's original charter, it being chapter 11 of the Acts of 1879, all municipalities of this State could have the benefit of the exemption in question by surrendering their charters as provided by section 22 of that act and reincorporating as taxing districts. This insistence is based upon the following provision of the city's charter:

"That the several communities embraced in the territorial limits of all such municipal corporations in this State as have had their charters abolished or as may surrender the same under the provisions of this act are hereby created taxing districts in order to provide the means of local government for the peace, safety and general welfare of such districts. . . .

"That whenever any community under the government of a municipal corporation at the time this act takes effect, having a population of less than 35,000 inhabitants according to the federal census of 1870, may desire to be governed by the provisions of this act, the authorities of such corporation shall cause an election of the qualified voters of such municipal corporation to be held."

Fleming v. Memphis.

It is insisted that under the foregoing provisions of the charter any community of the State may take the benefit of the taxing district act, and for that reason the statute is general, and falls within the principle of *Cook* v. *State,* 90 Tenn., 407, 16 S. W., 471, 13 L. R. A., 183, and *Burnett* v. *Maloney,* 13 Pick., 697, 37 S. W., 689, 34 L. R. A., 541. But in this assumption counsel are clearly in error. It is only municipal corporations having a population of less than 35,000 inhabitants, according to the federal census of 1870 which are permitted to reincorporate under the act in question, and such an inflexible classification was held void in *Woodward* v. *Brien,* 14 Lea, 520; *Burkholtz* v. *State,* 16 Lea, 71, and *Sutton* v. *State,* 96 Tenn., 696, 36 S. W., 697, 33 L. R. A., 589. This section is void, because it does not apply equally and alike to all municipalities then and thereafter having the requisite population, nor does it extend to nor embrace all such which may come into the like situation and circumstances, for the reason that the classification is based solely upon the federal census of 1870. This question is fully discussed in the cases last cited, and the principle there decided has never been questioned by any one. It necessarily follows that the clause of the charter of the city of Memphis under discussion is indeed "a special dispensation accorded to that city by the legislature," and is vicious class legislation.

We have not discussed in this opinion the various arguments presented by counsel, for the reason that the questions involved are deemed to be so elementary and

so firmly settled that no amount of discussion could add to their clearness or their strength. We have not considered the proposition of counsel which urges the court to overrule the long line of cases establishing the general doctrine in this State of the liability of municipal corporations for injuries resulting from neglect of their streets. We decline to reconsider these cases, or to entertain an argument which has for its object a reopening of the questions settled by them; and as we adhere to this line of authority, it is imperative that the section of the defendant's charter under consideration be declared void.

The petition to rehear is dismissed.