Smiddy v. City of Memphis.

JOHN T. SMIDDY *v.* CITY OF MEMPHIS *et al.*

(*Jackson.*   April Term, 1918.)

1. **CONSTITUTIONAL LAW.** Privileges and immunities.

A municipal corporation has the rights of an individual, and as such, in the exercise of these rights, may enjoy the privileges and immunities guaranteed to individuals by Constitution article 11, section 8.   (*Post, pp.* 101, 102.)

Acts cited and construed: Acts 1917, ch. 488.

Cases cited and approved: Fleming v. Memphis, 126 Tenn., 331; Stratton v. Morris, 89 Tenn., 522; Malone v. Williams, 118 Tenn., 425; State v. Railroad, 124 Tenn., 1.

Constitution cited and construed: Art. 11, sec. 8.

2. **MUNICIPAL CORPORATIONS.** Governmental functions. Controlled by legislature.

A muncipal corporation, in the exercise of its governmental functions, is to be treated as a political subdivision of the State, and its governing or political rights regulated by those provisions of the Constitution referring to it in its capacity as a branch of the State.   (*Post, pp.* 102, 103.)

3. **MUNICIPAL CORPORATIONS.** Amendment of charter. Power of legislature.

The power to abolish a municipal charter includes the power to amend its, if the amendment is otherwise valid.   (*Post, pp.* 102, 103.).

Acts cited and construed: Acts 1879, ch. 10.

Cases cited and approved: Redistricting Cases, 111 Tenn., 234; Luehrman c. Texing District, 70 Tenn., 425; City of Memphis v. Memphis Waterworks, 52 Tenn., 495; Governor v. McEwen, 24 Tenn., 241; McCallie v. Mayor, etc., 40 Tenn., 317; State v. Wilson, 80 Tenn., 246.

Case cited and distinguished: Lynch v. Lafland, 44 Tenn., 96.

140 Tenn.—7

Smiddy v. City of Memphis.

4. **MUNICIPAL CORPORATIONS.** "Governmental function."

The act of adopting, installing, equipping, and operating a fire department is a "governmental function" and not a muncipal one. (*Post, pp.* 103, 104.)

5. **MUNICIPAL CORPORATIONS.** "Governmental function."

The operation of a water plant being a governmental function, a decision to employ persons to operate it as well as the fixing of their salaries is also a governmental duty. (*Post, pp.* 103, 104.)

6. **CONSTITUTIONAL LAW.** Vested rights.

A city has no vested rights to fix the rate of pay which the employees of its fire department must receive. (*Post, pp.* 103, 104.)

7. **MUNICIPAL CORPORATIONS.** Powers in general.

A city has no governing power separate from the power which the Constitution has given to the legislature. (*Post, pp.* 103, 104.)

8. **MUNICIPAL CORPORATIONS.** Powers of legislature.

The legislature could directly and without the intervention of city employ its entire police force or its entire fire department at such salaries as it deems wise. (*Post, pp.* 103, 104.)

Cases cited and approved: Foster v. Water Co., 71 Tenn., 42; Irvine v. Chattanooga, 101 Tenn., 291; Chattanooga v. Reid, 103 Tenn., 616; Nashville v. Mason, 137 Tenn., 170; Demoville v. Davidson County, 87 Tenn., 214; State ex rel. v. Cummings, 130 Tenn., 566.

9. **MUNICIPAL CORPORATIONS.** Amendment of city charter. Power of legislature.

Private Acts 1917, chapter 488, amending charter of Memphis by increasing salaries of employees of fire department, except the chief, twelve per cent. is not unconstitutional. (*Post, pp.* 104, 105.)

10. **STATES.** Power of legislature.

State legislature has the power to do all acts not forbidden by State or federal Constitution, expressly or by necessary implication. (*Post, pp.* 104, 105.)

Cases cited and approved: Prescott v. Duncan, 126 Tenn., 106; Jackson v. Nimmo, 71 Tenn., 599.

11. **MUNICIPAL CORPORATIONS.** Acceptance of salary. Recovery of balance.

Plaintiff, fireman of city of Memphis, who appeared before city council and sought to have increase in salary provided by Private Acts 1917, chapter 488, put into effect by proper action, would not, by accepting salary at the old rate between such date and date when increase was put in force, waive his right to collect increase, he not having agreed to postponement of action by council. (*Post, pp.* 105, 106.)

Acts cited and construed: Acts 1917, ch. 488.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County.—Hon. F. H. Heiskell, Chancellor.

H. J. Livingston, for appellant.

I. H. Peres and R. E. King for appellee.

Mr. Justice Lansden delivered the opinion of the Court.

This suit was brought by complainant to recover from the city of Memphis a balance alleged to be due as salary as a member of the fire department. The suit is intended as a test case; and, while the amount claimed by complainant is small, the total amount due, or alleged to be due, those within complainant's class is $7,500.

Prior to the passage of the act hereafter mentioned, complainant was receiving a salary of $100 per month as a member of the fire department of the city of Memphis. By an act of the legislature passed April 3 and approved April 6, 1917, the city of Memphis was mandatorially directed to pay complainant an increase of salary of twelve per cent. from and after the passage of the act. Complainant and others appeared before the city council, and sought to have the increase put into effect by a proper action upon the part of the government, which up to that time had failed and refused to do so. The city government did not agree to put the increase in force, but did agree to take the matter under consideration. Complainant did not agree to any postponement of action upon the part of the city, but nothing more was done about the matter at the time. The complainant continued to receive his salary at the rate of $100 monthly until the city placed the increase into effect, September 1, 1917. This suit is brought to recover from the city the amount alleged to be due from the date of the passage of the act until September 1st.

The defenses are: (1) That the act referred to is unconstitutional and void; and (2) that complainant has waived his right to receive the increased pay from April 6th to September 1st, because he accepted pay at the old rate without protest.

It is said for the city that chapter 488 of the Private Acts of 1917, in so far as it undertakes to com-

mand an increase in the rate of pay which complainant should receive, is unconstitutional and void because it undertakes to grant to certain individuals rights, privileges, and immunities not granted or extended to others, and also undertakes unlawfully to diminish the powers of the city of Memphis, and to interfere with its vested rights, and is illegal class legislation in conflict with section 8 of article 11 of the State Constitution; also that the act undertakes to deprive the city of its property arbitrarily and capriciously without due process of law, and is contrary to, and in conflict with, section 8 of article 1 of the Constitution; and that the act in so far as it purports to be mandatory undertakes to deprive the city of its property, and arbitrarily to dispose of its property and funds, and to arbitrarily make contracts for the city resulting in confiscation of its property, and undertakes to interfere with the city's private and local affairs, the conduct of which properly belongs to the governing authorities of the municipality under the implied provisions of the State Constitution.

It may be conceded at the outset that a municipality, in so far as its rights are controlled by the Constitution of this State, has a dual existence. It has the rights of an individual, and as such, in the exercise of those rights, may enjoy the privileges and immunities, and must bear equal burdens with other citizens of the State. In such capacity it is under the protection of article 11, section 8, of the State

Constitution. *Fleming* v. *Memphis,* 126 Tenn., 331, 148 S. W., 1057, 42 L. R. A. (N. S.), 493, Ann. Cas., 1913D, 1306; *Stratton* v. *Morris,* 89 Tenn., 522, 15 S. W., 87, 12 L. R. A., 70; *Malone* v. *Williams,* 118 Tenn., 425, 103 S. W., 798, 121 Am. St. Rep., 1002; *State* v. *Railroad,* 124 Tenn., 1, 135 S. W., 773, Ann. Cas., 1912D, 805.

However, in its capacity as an arm or branch of the State government, and in the exercise of its governmental functions, it is to be treated as a political subdivision of the State, and its governing, or political rights, are all to be regulated by those provisions of the Constitution which refer to it in that capacity, and by the legislature in its unrestricted sovereign capacity. *Redistricting Cases,* 111 Tenn., 234, 80 S. W., 750. In this view it was held at an early day that the legislature had complete control of municipal corporations, and may abolish them at any time in its discretion. *Luehrman* v. *Taxing District,* 2 Lea, 425. The power to abolish a municipal charter necessarily includes the power to amend it if the amendment is otherwise valid. In *Luehrman* v. *Taxing District,* supra, there is to be found a wide discussion of the relationship which municipalities bear to the State government. It is shown in that case that political power conferred by the legislature upon a municipality cannot become a vested right as against its creator, and that municipal grants of franchise are always subject to the control of the legislative power for the purposes of amendment, modification,

or entire revocation. *City of Memphis* v. *Memphis Waterworks,* 5 Heisk., 495; *Governor* v. *McEwen,* 5 Humph., 241; *McCallie* v. *Mayor, etc.,* 3 Head, 317; *Lynch* v. *Lafland,* 4 Cold., 36.   Judge COOPER says in that case:

"There cannot be a doubt, therefore, that Act 1879, chapter 10, to repeal the charters of certain municipal corporations is constitutional."

This case is a fair illustration of the dual nature of municipal corporations. *State* v. *Wilson,* 12 Lea, 246.

The act of adopting, installing, equipping, and operating a fire department is a governmental function, and not a municipal one. *Foster* v. *Water Co.,* 3 Lea, 42; *Irvine* v. *Chattanooga,* 101 Tenn., 291, 47 S. W., 419; *Chattanooga* v. *Reid,* 103 Tenn., 616, 53 S. W., 937; *Nashville* v. *Mason,* 137 Tenn., 170, 192 S. W., 915. The operation of a water plant being a governmental function upon all of the authorities, we think it equally clear that the decision to employ persons to operate it, as well as the fixing of their salaries, is also a governmental duty. It may be true that the city's liability for wages to the employees of such a department is municipal, and the act of selecting the proper employees and fixing their compensation is the act of an individual, but there is no vested right in the city to fix the rate of pay which the employees of the fire department must receive. It cannot ignore the mandate of the legislature and assume that it has acquired a vested right in the

power of government. It has no governing power separate and apart from the power which the Constitution has given to the legislature. As shown in *Luehrman* v. *Taxing District,* supra, both upon principle and upon authority, the legislature can abolish the municipality altogether, and, except where it has a vested right so as to secure the benefits of the Constitution, it is at the mercy of the legislature. The legislature could employ its entire police force or its entire fire department at such salaries as it should deem wise, directly and without the intervention of the municipality. We say this upon the authority of the *Luehrman Case* and the following authorities: *Demoville* v. *Davidson Co.,* 87 Tenn., 214, 10 S. W., 353; *State ex rel.* v. *Cummings,* 130 Tenn., 566, 172 S. W., 290, L. R. A., 1915D, 274.

The learned city attorney treats the case as though it were one of first impression in this State. We consider that the cases cited in this opinion foreclose all of the questions that are made against the validity of the act of the legislature. However, it is interesting to note that some of the very cases cited on the brief for the city are discussed in the *Luehrman Case.* We do not deem it profitable to follow these cases, or the text-writers, into a discussion of the principles involved. It is sufficient for us to say that, so far as our cases are concerned, there has never been a doubt in this State of the power of the legislature to do all acts not forbidden by the State Constitution, or the Constitution of the United States, expressly

or by necessary implication. The doctrine of implied local selfgovernment which would defeat an act of the legislature in regulating or abolishing municipal charters is repudiated in the *Luehman Case,* and is contrary to the following cases in addition: *Prescott* v. *Duncan,* 126 Tenn., 106, 148 S. W., 229; *Jackson* v. *Nimmo,* 3 Lea, 599; *Malone* v. *Williams,* supra; and other cases cited above.

Has complainant waived his right to receive pay from the defendant from the passage of the act until the city authorities put the increase into effect? Complainant appeared before the city commissioners on April 17th on behalf of himself and other members of the fire department affected by· this act, and urged the commissioners to put the increase into effect. They stated that they would take the matter under serious consideration. The commissioners kept the matter under advisement, or at least took no further action until September 11, 1917, when complainant and others again pressed the matter on the commissioners. The complainant and the others continued to receive their pay at the old rate until the new rate was put into effect by the commissioners. No representations were made that the amount received should prejudice the right to claim the increased rate. It was known by complainant that the commissioners were objecting to the increased rate and were making some question upon the constitutionality of the legislation. However, there is nothing to show that the city, or the commissioners, were prejudiced in any

particular by the failure of complainant to formally protest at the salary which he received. He had previously requested that the increase be put into effect. We think this was not a waiver. Both parties can well preserve their rights by insisting upon their particular claims without dislocating the service which they owe the people. Complainant was not put to his election to choose between his place and his increased rate of pay because the legislature had granted the increase, and it was his under the act of the legislature without reference to the action of the city commissioners. The chancellor so held, and his decree is affirmed.