TOWN OF PULASKI *v.* SALLIE L. BALLENTINE.*

(*Nashville.* December Term, 1925.)

1. **STATUTES.**

If body of amendatory act is covered by title of original act, it is sufficient within Constitution article 2, section 17, requiring that caption of act indicate its subject. (*Post, p.* 395.)

2. **STATUTES. Amendatory act, conferring right to acquire property for cemetery, held within caption of original act incoparating town, and germane thereto (Constitutional, article 2, section 17; Acts 1903, chapter 269, amended by Privilege Acts 1925, chapter 475).**

As a cemetery is a common municipal agency, Private Acts 1925, chapter 475, amending Acts 1903, chapter 269, and conferring on town right to acquire property for a cemetery, *held*, in view of Constitutional, article 2, section 17, within caption of original act incorporating the town, and germane thereto. (*Post, pp.* 395-397.)

Acts cited and construed: Acts 1925, ch. 475; Acts 1903, ch. 269.

Cases cited and approved: Town of Gallatin v. Summer County, 279 S. W., 387; Railroad v. Cemetery Co., 116 Tenn., 400.

Constitution cited and construed: Art. 2, Sec. 17.

---

*On abandonment or sale by town or municipality of ground used for cemetery, see notes in 27 L. R. A. (N. S.) 260; 42 L. R. A. (N. S.) 1216.

Injunctive relief as to cemetery property, burials, or removal of remains, see note in 3 L. R. A. (N. S.) 481.

3. **CEMETERIES.**

Under Acts 1915, chapter 51 (Thompson-Shannon Code, section 1915, subsection 20), power is conferred on cities and towns to hold property appropriated for burial purposes in trust for persons entitled to interment therein. (*Post, pp.* 397, 398.)

Acts cited and construed: Acts 1915, ch. 51.

Case cited and approved: Hines v. State, 126 Tenn., 1.

Code cited and construed: Sec. 1915, subsec. 20 (T.-S.).

4. **STATUTES.**

A provision conferring power of eminent domain is properly included in an act to provide for organization of corporation. (*Post, p.* 398.)

Case cited and approved: Tenn., C. I. & R. Co. v. Paint Rock, etc., Co., 128 Tenn., 277.

5. **STATUTES.**

Special legislation with reference to municipal corporations affecting them in their governmental capacity may be enacted. (*Post, p.* 398.)

Cases cited and approved: Jordan v. City of Cleveland, 148 Tenn., 337; Smiddy v. Memphis, 140 Tenn., 97; Quinn v. Hester, 135 Tenn., 373; Todtenhausen v. Knox County, 132 Tenn., 169; Redistricting Cases, 111 Tenn., 234; Williams v. Nashville, 89 Tenn., 487; Ballentine v. Pulaski, 83 Tenn., 633; State v. Wilson, 80 Tenn., 246.

6. **CEMETERIES.**

Operation of cemetery is governmental function, and its maintenance is in interest of public health, and municipality is empowered to acquire cemetery property beyond city limits. (*Post, p.* 398.)

Cases cited and approved: Nashville v. Burns, 131 Tenn., 281; Nashville v. Mason, 137 Tenn., 169; Smiddy v. Memphis, 140 Tenn., 97; Memphis v. Hastings, 113 Tenn., 142; Newman v. Ashe, 68 Tenn., 380.

7. **CEMETERIES.**

Private Acts 1925, chapter 475, amending Acts 1903, chapter 269, conferring on town right to acquire property for cemetery, *held* not invalid because permission was granted to allow burial of people who had resided outside town. (*Post, pp.* 398, 399.)

8. **EMINENT DOMAIN.** Taxation.

Operation of cemetery is public purpose, for which land may be taken and taxes laid. (*Post, p.* 399.)

---

*Headnotes 1. Statutes, 36 Cyc., p. 1030; 2. Cemeteries, 11 C. J., Section 3 (Annotated); Statutes, 36 Cyc., p. 1041; 3. Cemeteries, 11 C. J., Section 3; 4. Statutes, 36 Cyc., p. 1043; 5. Statutes, 36 Cyc., p. 1001; 6. Cemeteries, 11 C. J., Section 3; 7. Cemeteries, 11 C. J., Section 3 (Anno); 8. Eminent Domain, 20 C. J., Section 72.

---

FROM GILES.

---

Appeal from the Circuit Court of Giles County.—Hon. W. B. Turner, Judge.

Eslick & Eslick, for appellants.

Jones & Wagstaff, for appellees.

Mr. Chief Justice Green delivered the opinion of the Court.

By chapter 475 of the Private Acts of 1925, amending chapter 269 of the Acts of 1903, the legislature undertook to confer on the town of Pulaski the right to acquire property, by purchase or condemnation, for the operation of a public cemetery. The town attempted to condemn certain land near Pulaski for that purpose by proper proceedings in the circuit court. A demurrer to the petition for condemnation was filed, which challenged the constitutionality of the act of 1925, just mentioned, in several particulars. The demurrer was overruled by the trial judge, and in his discretion he permitted an appeal to this court.

There were numerous grounds of demurrer below, and corresponding assignments of error in this court. However, only three or four substantial questions are raised.

It is urged that chapter 475 of the Acts of 1925 was passed in contravention of section 17 of article 2 of the Constitution—that the caption of the act does not indicate its subject. The act, however, was an amendatory act, and did make apt reference to chapter 269 of the Acts of 1903, which it proposed to amend. That being so, if the body of the amendatory act is covered by the title of the original act, this is sufficient.

The original act is entitled "An act to incorporate the town of Pulaski, in the county of Giles, State of Tennessee, and the inhabitants thereof, to define the boundaries, and to provide for the government thereof."

As stated above, the act of 1925 purposes to confer on the town of Pulaski the right to acquire property for a public cemetery and the right to maintain such institution.

We have recently been over this ground in *Town of Gallatin* v. *Summer County,* 279 S. W., 387. In that case we concluded that, under a caption providing in general terms for the incorporation of a municipality, it was permissible to ordain in the body of the act agencies, instrumentalities, ways, and means for the support of the corporation, and the conduct of its affairs.

A cemetery is quite a common municipal agency, and we think provisions respecting such an agency fall within a general title proposing the incorporation of a municipality. There must be a cemetery by every center of population. The books are full of cases where towns and cities have been empowered to operate cemeteries. Such a power is conceded to be properly bestowable upon such corporations in *Railroad* v. *Cemetery Co.,* 116 Tenn., 400, 94 S. W., 69. Such power in such bodies seem not to have been questioned, but the controversies have

arisen as to the right of a town or city to sell or abandon a cemetery, to regulate, or to remove the remains of bodies therefrom. See cases notes, 42 L. R. A. (N. S.), 1216; 27 L. R. A. (N. S.), 260; 3 L. R. A. (N. S.), 481.

Indeed, it was not necessary for the legislature to confer upon the town of Pulaski by special act the power to take and operate cemetery property. Such power is conferred on all municipalities by chapter 51 of the Acts of 1915 (Thompson's-Shannon's Code, section 1915, subsec. 20) as follows:

"Each incorporated town or city or municipal corporation of this State (be and the same hereby) is given the capacity, authority and power to be and act as trustee to the same extent as a natural person for cemeteries or burial places for the dead located within the territory limits of such incorporated town or city or municipal corporation, or within five miles of such limits, when such incorporated town, city or municipal corporation is selected and appointed as such trustee by any corporation, person or court of competent jurisdiction."

Under this statute any person or corporation may convey to a municipality land or property within the limits of said municipality or within five miles thereof, and such municipality or within five miles thereof, and such municipality may be and act as trustee for said property to the same extent as a natural person. The effect of this statute is to authorize a town or city to hold property appropriated to burial purposes just like any other person, individual, or corporation. All property so dedicated is held in trust for the benefit of those entitled to interment therein. "Burial lots, whether public or private, are not the subject of trade or commerce." *Hines*

v. *State,* 126 Tenn., 1, 149 S. W., 1058, 42 L. R. A. (N.
S.), 1138.

It appearing from the statute and from the decisions
referred to that there is nothing unusual in the acquisi-
tion and operation of a cemetery by a municipality, we
think such provisions in the amendatory act of 1925
were germane to the title of the original act of 1903, in-
corporating, in general terms, the town of Pulaski.

A provision conferring the power of eminent domain
is properly included in "An act entitled an act to pro-
vide for the organization of corporations." *Tennessee,
C. I. & R. Co.,* v. *Paine Rock, etc., Co.,* 128 Tenn., 277,
160 S. W., 522.

It is further insisted that the act of 1925 is special
class legislation, affecting the town of Pulaski alone, not
other towns, and that the act is for this reason bad.
That special legislation with reference to municipal cor-
porations, affecting them in their governmental capacity,
may be enacted is now too well settled to permit of dis-
cussion. *Jordan* v. *City of Cleveland,* 148 Tenn., 337,
255 S. W., 377; *Smiddy* v. *Memphis,* 140 Tenn., 97, 203
S. W., 512; *Quinn* v. *Hester,* 135 Tenn., 373, 186 S. W.,
459; *Todtenhausen* v. *Knox County,* 132 Tenn., 169, 177
S. W., 487; *Redistricting Cases,* 111 Tenn., 234, 80 S.
W., 750; *Williams* v. *Nashville,* 89 Tenn., 487, 15 S. W.,
364; *Ballentine* v. *Pulaski,* 15 Lea, 633; *State* v. *Wilson,*
12 Lea, 246.

We are of opinion that the operation of a cemetery
is a governmental function. Although sentiment is in-
volved, the maintenance of a cemetery is in the inter-
est of the public health and safety just as a park system
(*Nashville* v. *Burns,* 131 Tenn., 281, 174 S. W., 1111); the

collection of garbage (*Nashville* v. *Mason,* 137 Tenn., 169, 192 S. W., 915); and the upkeep of a fire department (*Smiddy* v. *Memphis,* 140 Tenn., 97, 203 S. W., 512).

It is settled in this State that a municipality may be empowered to acquire and conduct a park system outside the city limits (*Memphis* v. *Hastings,* 113 Tenn., 142, 86 S. W., 609), and may likewise be empowered to acquire property for its waterworks system outside the municipality (*Newman* v. *Ashe,* 9 Bax. [68 Tenn.], 380). The same reasons sustain the power of a municipality to acquire cemetery property beyond the city limits.

Another objection is made to the act because permission is granted to allow the burial of people in the cemetery who had resided outside the city limits. This will be of benefit to the city, however, in that it will permit the sale of additional cemetery lots. On this principle it was held proper to allow the city schools to take outside pupils for pay in *Ballentine* v. *Pulaski,* supra.

Other objections to the act have been considered, but we do not think they require discussion. It is well settled that the operation of a cemetery is a public purpose, for which land may be taken and taxes laid. *Railroad* v. *Cemetery Co.,* supra.

The judgment below will be affirmed and the cause remanded for further proceedings.