MEDDERS, tax-collector, *v.* STEWART *et al.*

No. 6188. MARCH 12, 1931.

*C. A. Williams,* for plaintiff in error.

*H. J. Lawrence* and *Homer L. Causey,* contra.

GILBERT, J. Stewart and others, alleging that they were citizens and taxpayers of the county, brought a petition for injunction against Medders, alleging in substance, that the defendant, acting under the provisions of the act of the General Assembly approved August 21, 1929 (Ga. Laws 1929, p. 329), which act purports to empower tax-collectors to act as deputy sheriffs in stated instances for the collection of county taxes, had issued tax fi. fas. against them and levied the same on their property and advertised it for sale, and that unless enjoined their property would be sold in violation of law. The petition further expressly alleged that the said act was unconstitutional and void, because in conflict with art 1, sec. 4, par. 1, of the constitution of Georgia (Civil Code (1910), § 6391), which provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." It was alleged that the said act was a special enactment in a case for which there was an existing general law authorizing sheriffs and constables of the county to perform such official duties, to wit, Code sections 1151, 1156, 1165, 1167, and 1211. It is further alleged that the act of 1929, which is made applicable only to counties having a population according to the census of the United States of 1920 of not less than 6458 and not more than 6462, and that such classification is unreasonable and arbitrary and therefore void.

The defendant demurred, and answered denying the material allegations, especially denying the alleged unconstitutionality of the act. The court issued a rule nisi, and in accordance therewith held a preliminary hearing, and thereupon held the law to be unconstitutional, and granted an interlocutory injunction. The exception is to that judgment.

The court did not err in holding the act unconstitutional and void, because in conflict with the constitution, as stated. The classification has no reasonable relation to the subject-matter of the law, and furnishes no legitimate ground of differentiation. It amounts merely to an arbitrary discrimination, not permissible under the constitution. The so-called class is so hedged about and restricted that the act applies to only one county, and other counties coming within the class provided can not also come within the purview of the law; and therefore it is a local or special act, and not a general one. *Stewart* v. *Anderson,* 140 *Ga.* 31, 33 (78 S. E. 457), and cit.; *Wilkinson County* v. *Twiggs,* 150 *Ga.* 583 (104 S. E. 418); *Reynolds* v. *Hall,* 154 *Ga.* 623 (114 S. E. 891); *Mayor &c. of Danville* v. *Wilkinson County,* 166 *Ga.* 460 (143 S. E. 769); *Cain* v. *State,* 166 *Ga.* 539 (144 S. E. 6). The classification by population is limited to the United States census of 1920, and can not be affected by future census enumerations, and only a county having not less than 6458 and not more than 6462, under the census of 1920, falls within the classification.

*Judgment affirmed. All the Justices concur.*