## Harlan County v. Brock.

(Decided Dec. 9, 1932.)

J. B. CARTER for appellant.

W. A. BROCK for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN
—Reversing.

Chapter 133 of the Acts of 1932, now section 125a-4 et seq. of the 1932 Supplement to Carroll's 1930 Edition of the Kentucky Statutes, in section 1 provides:

> "That in all Judicial Districts, composed of two counties and having a population of 100,000 or more, *according to the Federal Census of* 1930, there is hereby created, the office of District Detective, to the Commonwealth's Attorney." (Italics ours.)

The rest of the act provides for the method of appointment and the powers, duties, and compensation of such district detective. The question presented by this appeal is the constitutionality of this act. The lower court held it constitutional, and Harlan county has appealed.

It is contended that the act is unconstitutional because it is a local and special act, and hence violates subsection 29 of section 59 of our State Constitution, which reads:

> "In all other cases where a general law can be made applicable, no special law shall be enacted."

This act only authorizes the appointment of a district detective in judicial districts composed of two counties and having a population of 100,000 or more according to the federal census of 1930. This court judicially knows that we have in this state thirty-six judicial districts, only seven of which are composed of two counties, no more, no less. Of these seven, only one, the twenty-sixth, composed of Harlan and Bell counties, had, according to the federal census of 1930, a population of 100,000 or more, although it may be said in passing that the thirty-fifth, composed of Pike and Letcher counties, nearly equaled that number, having, according to the census in question, a population of 98,969. It is argued that, because of these facts, and because the law can apply to but one district, it is a local or special law in violation of the quoted provision of our State Constitution. On the other hand, it is equally as earnestly argued that, the act being general in terms

and based on a classification according to population, it is not a special or local act within the inhibition of constitutional provisions such at the one quoted, classificaiton according to population being based on reasonable distinctions, and so valid, though at the particular time it may apply to only one locality or situation. The argument of those who would uphold the law loses sight, however, of the fact that the classification here employed is not based generally on population but on a population at a fixed time and according to a specific and specified census.

The classification is not made to apply to other districts which may in the future, or indeed at the time the act in question was passed, have attained the requisite population. This classification can in no event apply except to the situation disclosed by the federal census of 1930. It permits no changes, though the other judicial districts composed of two counties may by the passage of time become equal in population or even pass that of the twenty-sixth judicial district. Where classification is so static as this, it is not based on reasonable distinctions, but is essentially arbitrary; thus rendering the act based upon it special or local. The authorities are in entire accord on this proposition. It may be thus succinctly expressed: Where a classification is based on population according to a specific census, federal or state, an act based upon such classification is a local or special act and not a general one, and, where constitutional provisions as to special or local acts, such as we have in this state, are involved, such an act violates such provisions. Thus in Hatfield v. Garnett, 45 Okl. 438, 146 P. 24, 26, the classification was based on population "according to the federal census of 1910." Oklahoma has constitutional provisions as to special or local acts similar to ours, and, in holding the act invalid as being a local or special act, the Oklahoma court said:

"An examination of these cases and the authorities thereunder cited shows that, in every case where the law (classification according to population) has been upheld, the opinion of the court has been placed upon the ground that the law is uniform in its operation, that the classification is not arbitrary, and that provision is made for future contingencies, so that changes in the population of

the state or subdivisions affected by the acts in question would not bring about inequalities. So far as we are able to discover, where the classification is arbitrarily based upon a certain census, and the act is not prospective in its operation, the laws have been uniformly held to be local in their character and of a special nature; and, where constitutional provisions similar to ours are in force, the acts have been held to be void because in conflict therewith."

In the Georgia case of Medders v. Stewart, 172 Ga. 507, 158 S. E. 56, 57, in holding an act classifying by population according to a specific federal census void, the court said:

"The so-called class is so hedged about and restricted that the act applies to only one county, and other counties coming within the class provided cannot also come within the purview of the law; and therefore it is a local or special act and not a general one. * * * The classification by population is limited to the United States census of 1920, and cannot be affected by future census enumerations."

In the Nebraska case of State v. Scott, 70 Neb. 685, 100 N. W. 812, where the classification by population was "according to the census of 1900," in holding the act based on such classification void as a special one, the court, after conceding the inherent advantages of the act, said:

"But this end is as necessary to be attained in all counties which may in the future reach the population prescribed by this act as in those which are now in the class. The act is so framed that it cannot in the future apply to other counties which may attain the requisite population. The classification, therefore, is arbitrary."

In the Iowa case of State ex rel. West v. City of Des Moines, 96 Iowa, 521, 65 N. W. 818, 820, 31 L. R. A. 186, 59 Am. St. Rep. 381, in holding an act invalid as being local and special where the classification by population was according "to the state census of 1885," the court said:

"General legislation looks not alone to the present, but to the future; and a law which at a given time operates as to only one bank, company, or society,

because there is but one such, but is so framed as to operate on the same conditions, when and where they arise in the state, is a general law, and of uniform operation. * * * (Citing cases.) Counsel for the defendant city cite the above cases, with many others announcing the same rule, and on them base the claim that the act under consideration is of general application, even though there is but one city to which it can apply. It is true that in many of the cases cited, where the law has been held of general application, there was but one city of the class intended to come within the rule of the legislative act; but it is not true that in any of the cases a law, though general in terms, where it could in no event become operative on but a single city, has been held to be a general law. * * * The act is singularly specific in this respect, not even permitting any chances as to what might be the actual population of other cities but making it dependent on the census return of 1885, known at the time the act was passed. * * * In such a case, even though the language of the act is general, it is special legislation.''

In the Tennessee case of Fleming v. City of Memphis, 126 Tenn. 331, 148 S. W. 1057, 1059, 42 L. R. A. (N. S.) 493, Ann. Cas. 1913D, 1306, where there was a classification based on population ''according to the Federal census of 1870,'' the act was held invalid. The court said:

''This section is void, because it does not apply equally and alike to all municipalities then and thereafter having the requisite population, nor does it extend to nor embrace all such which may come into the like situation and circumstances.''

In the Missouri case of State ex rel. Wiles v. Williams, 232 Mo. 56, 133 S. W. 1, 34 L. R. A. (N. S.) 1060, classification according to population as shown by the ''Federal census of 1900'' was held to be void as a special act.

In the case of Central Trust Co. of New York v. Citizens' Street R. Co. (C. C.) 80 F. 218, 219, classification according to population ''according to the census of 1890'' was held to be void as being a special act.

In the case of Campbell v. City of Indianapolis, 155

Ind. 186, 57 N. E. 920, classification according to population "according to the United States census of 1870" was held bad, although it was said that, where classification is according to population based "on the last United States census," the classification will be good as such language, that is, "the last United States census," will be deemed prospective in character and to mean the census last taken before the conditions arise to which the act may be applicable. The earlier cases, it is true, held such expression "the last United States census" to be in substance the same as a reference to a specific federal census, these cases holding that such expression meant the census taken last preceding the passage of the act in question and applying the principle of a reference to a specific federal census. Accordingly, these earlier cases held that an act based on population "according to the last Federal census" invalid. See Pavonia Horse R. Co. v. Mayor, etc., of Jersey City, 45 N. J. Law, 297, and State v. Mitchell, 31 Ohio St. 592. Of course, had the acts in these two last cases, instead of referring "to the last Federal census" as they did, referred to a specific federal census, they would a fortiori been held void. As stated, some of the later cases make a distinction between a reference to a specific federal census and a reference reading "according to the last United States census," or reading, as in the Oklahoma case of Levine v. Allen, 96 Okl. 252, 221 P. 771, 772, "according to the last preceding regular decennial federal census." See, also, section 156 of our Constitution, where the expression with reference to the classification of cities is "and in the absence of other satisfactory information as to their population (the general assembly), shall be governed by the last preceding federal census." But we need not pursue this inquiry concerning this distinction further, because in the act before us the classification is based on population confined "to the federal census of 1930," and all the cases hold that this is a specific reference to a specific census and classification so based is void.

In 1 Sutherland Statutory Construction, 214, the author, in discussing classification based on population according to a specific census, and in pointing out that such classification is void, approves such holding in these words:

"A classification based upon existing or past con-

ditions or facts which would exclude the persons, places, things or objects thereafter coming into the same situation or condition is special and void.''

We have found no cases to the contrary, nor have any been cited to us. Such being the state of the authorities, and the reasoning upon which they are based as set out in the quoted excerpts being undoubtedly sound, it follows that, since the classification of the act now before us is based on population according to the specific federal census of 1930, the classification is arbitrary, and therefore the act based upon it is a special or local one. This being true, it further follows that such act violates the quoted provision of our State Constitution, and is invalid and void.

The judgment of the lower court is therefore reversed, with instructions to enter a judgment in conformity with this opinion.

Whole court sitting.