# THE REDISTRICTING CASES.

GRAINGER COUNTY *et al. v.* STATE, *ex rel.,* MYNATT *et al.*

ROANE COUNTY *et al. v.* STATE, *ex rel.,* ADAMS *et al.*

STATE, *ex rel.,* FRANCISCO *v.* I. T. FOSTER *et al.*

STATE, *ex rel., v.* T. C. MILLER *et al.*

C. C. JACKSON *v.* JAMES G. BERRY.

T. C. ILES, CHAIRMAN, *v.* MATLOCK *et al.*

(*Knoxville.*    September Term, 1903.)

1. **CONSTITUTION.** With reference to existing laws and state of community.

   The constitution is not the beginning of law for the State, but it assumes the existence of a well-understood system which is to remain in force, and to be administered under such limitations and restrictions as that instrument imposes; and in construing the constitution, the state of the community at the time it was created must be considered. (*Post, p.* 246.)

   Cases cited and approved: Pope v. Phifer, 3 Heisk., 682, 683; Jackson v. Nimmo, 3 Lea, 386; Williams v. Taxing District, 16 Lea, 535; People v. Draper, 15 N. Y., 532.

2. **CONSTITUTIONAL LAW.** Power to establish courts includes power to abolish particular courts, but not the system.

   The power to ordain and establish courts contained in the constitution (art. 6, sec. 1) includes the power to abolish particular circuit and chancery courts, but the legislature can not abol-

ish the distinctive character of the circuit and chancery courts as a system. (*Post, p.* 248.)

Cases cited and approved: Coleman v. Campbell, 3 Shannon's Cases, 355; Judges' Cases, 102 Tenn., 509; State v. Lindsay, 103 Tenn., 625; State. ex rel., v. King, 104 Tenn., 156.

Constitution cited and construed: Art. 6, sec. 1.

3. **SAME** Same. **Abolition of court deprives judge or chancellor of office.**

The abolition of a circuit or chancery court with all its powers and jurisdiction operates as a necessary consequence to deprive the circuit judge or chancellor of his office. (*Post, p.* 248.)

Cases cited and approved: Coleman v. Campbell, 3 Shannon's Cases, 355; Halsey v. Gaines, 2 Lea, 316; Judges' Cases, 102 Tenn., 509; State v. Lindsay, 103 Tenn., 625; State, ex rel., v. King, 104 Tenn., 156.

4. **SAME. Constitutional term of office cannot be shortened, nor incumbent deprived of his office.**

The constitutional term of office, where there can be only one incumbent in a county, as in the case of the county register, the circuit court clerk, the sheriff and the county judge, can not be shortened, nor can the incumbent of such constitutional offices be deprived of his office, during his term, by the legislature. The sheriff can not be deprived of a substantial part of, his powers and functions. (*Post, pp.* 248-252.)

Cases cited, approved and distinguished: Powers v. Hurst, 2 Humph., 24; Brewer v. Davis, 9 Humph., 208, 213, 214; Keys v. Mason, 3 Sneed, 6; Pope v. Phifer, 3 Heisk., 682; Ex parte Cross and Mercer, 16 Lea, 486; State v. Leonard, 86 Tenn., 485, 486; State v. Cummins, 99 Tenn., 667, 683; Judges' Cases, 102 Tenn., 510, 545, 561, 562, 571, 572.

Constitution cited and construed: Art. 7, sec. 1.

5. **COUNTIES.** Defined; origin, characteristics, powers, and abolishment.

A county is a public and municipal corporation, created by the State for political and governmental purposes, inviolable and indissoluble except by the legislature upon a vote of the people comprising it, having certain officers, and invested with subordinate legislative powers, subject to the control of the legislature. Origin, characteristics, and powers of the counties stated. (*Post, pp.* 253-260.)

Cases cited and approved: Stewart v. Roberts, 1 Yer., 389; Cannon Co. v. Hoodenpyle, 7 Humph., 146; Obion Co. v. Marr, 8 Humph., 634; Ford v. Farmer, 9 Humph., 152; Maury Co. v. Lewis Co., 1 Swan, 236, 240; Ezell v. Giles Co., 3 Head, 585, 586; Bridgenor v. Rogers, 1 Cold., 259, 261; Wilson v. Davidson Co., 3 Tenn. Chy., 536, 540; Winston v. Railroad, 1 Bax., 73; Humphreys Co. v. Houston Co., 4 Bax., 598; State v. Anderson Co., 8 Bax., 258; Hawkins v. Railroad, 1 Shannon's Cases, 292, 303; Beck v. Puckett, 2 Shannon's Cases, 490, 495, 496; Williams v. Taxing District, 16 Lea, 535, 536; James Co. v. Hamilton Co., 89 Tenn., 237; Railroad v. Wilson Co., 89 Tenn., 603.

6. **SAME.** Same. Powers exercised by quarterly county court composed of justices.

The political, municipal, police, and legislative powers of the county, as a corporation, are to be exercised by and through the county court in quarterly session, composed of the justices of the peace of the county, as empowered and controlled by the legislature. (*Post, pp.* 254-260.)

Cases cited and approved: Cannon Co. v. Hoodenpyle, 7 Humph., 146; Turnpike Co. v. County Court, 8 Humph., 342; Obion Co. v. Marr, 8 Humph., 634; Maury Co. v. Lewis Co., 1 Swan, 236, 240; Carey v. Justices, 5 Sneed, 515; Ezell v. Giles Co., 3 Head, 585, 586; Pope v. Phifer, 3 Heisk., 682; Grant v. Lindsay, 11 Heisk., 666; State v. Anderson Co., 8 Bax., 258; Beck v. Puckett, 2 Shannon's Cases, 490, 495, 496; Wilson v. Davidson Co., 3 Tenn. Chy., 536, 540.

The Redistricting Cases.

Constitution cited and construed:   Art. 11, sec. 9; art. 6, secs. 1 and 15; art. 7, secs. 1 and 2; art. 2, sec. 29; const. of 1796, art. 6, sec. 1; art. 5, sec. 12.

7. **CIVIL DISTRICT. Determine number of justices and constables; part in organization of counties.**

Civil districts occupy an important place in the political organization of counties, and determine the number of the justices of the peace for each county, which can be supplemented by the incorporated towns only, and the offices of the several justices of the peace and the civil districts are interdependent. They also determine the number of constables, and are used for election purposes.   (*Post, pp.* 260-266.)

Code cited and construed:   Secs. 5355, 5374, 5793-5797, 5926-5930, 5933, 5939, 5947, 5948, 5949, 5959 (S.);. secs. 4334, 4353, 4756-4761, 4889-4893, 4896, 4902, 4910, 4911, 4912, 4922 (M. & V.); secs. 3590, 3609, 3981-3986, 4114-4118, 4121, 4127, 4135, 4136, 4137, 4147 (T. & S. and 1858).

Acts cited and construed: 1835-36, chs. 6, 17; 1837-38, ch. 18; 1851-52, ch. —.

Constitution cited and construed: Art. 6, sec. 15.

8. **SAME. Same. Constitutional provision as to number in a district is restrictive**

The constitutional provision as to the number of justices of the peace for each civil district is restrictive, and the number provided can not be exceeded.   (*Post, pp.* 265-266.)

Case cited and overruled: Britton v. Moody, 2 Cold., 15.

Constitution cited and construed: Art. 6, sec. 15.

9. **SAME. Same. Abolition removes justices.**

When civil districts or municipal corporations are in an manner lawfully abolished, the justices of the peace dependent thereon must lose their place in the system.   (*Post, pp.* 264-265.)

See headnote 17.

Cases cited and overruled: Britton v. Moody, 2 Cold., 15; Ex parte Cross and Mercer, 16 Lea, 486.

Constitution cited and construed: Art. 6, sec. 15.

10. **SAME. Not endowable with corporate life, nor with power of taxation.**

Civil districts can not be endowed with corporate life, nor can the power of taxation be delegated to them. (*Post, p.* 263.)

Case cited and approved: Lipscomb v. Dean, 1 Lea, 546.

11. **JUSTICES OF THE PEACE. Exercise judicial and political functions; county officers.**

Justices of the peace perform judicial and political functions; judicial, in holding court and deciding matters of litigation arising between parties; political, as a member of the county court. They are county officers. (*Post, pp.* 263-264.)

Constitution cited and construed: Art. 6, sec. 1.

12. **MUNICIPAL CORPORATIONS. Arms of government; created or abolished at will of legislature.**

Municipal corporations are means or instrumentalities of the State government, and are under the absolute control of the legislature, and may be created, enlarged or diminished in their territorial limits, or abolished by it at any time in its discretion. (*Post, pp.* 267-270.)

Cases cited and approved: Luehrman v. Taxing District, 2 Lea, 425, 433; State v. Waggoner, 88 Tenn., 293.

Constitution cited and construed: Art. 11, sec. 8.

13. **SAME. Special statutes affecting, are constitutional, when and when not.**

The charter of a particular and specified municipal corporation may be amended by a special legislative act. Special statutes affecting a particular and specified municipal corporation in its political aspects or sovereignty are not, for that reason, uncon-

The Redistricting Cases.

stitutional; but such statutes affecting such municipal corporations in their capacity as individuals are invalid and unconstitutional as class legislation. (*Post, pp.* 267-272, 287, 289.)

Cases cited and approved: Alexander v. Dearmon, 2 Sneed, 104; Memphis v. Fisher, 9 Bax., 239; State v. Wilson, 12 Lea, 246; Hatcher and Lee v. State, 12 Lea, 368; Ballentine v. Pulaski, 15 Lea, 633; Williams v. Taxing District, 16 Lea, 537, 538; Williams v. Nashville, 89 Tenn., 487, 491.

Code cited and construed: Secs. 2685, 2686 (S.); secs. 2108, 2109 (M. & V.); secs. 1601, 1602 (T. & S. and 1858).

Acts cited and construed: 1883, ch. 114; 1877, ch. 23; 1881, ch. 127.

Constitution cited and construed: Art. 11, sec. 8.

14. **COUNTIES.** Special acts affecting, are constitutional, when and when not.

Special legislative acts affecting a certain and specified county in its political or governmental capacity or agency are, not for that reason unconstitutional; but such legislation affecting the citizens composing a certain and specified county, and not the other citizens of the State, is for that reason unconstitutional. (*Post, pp.* 272-289.)

Cases cited and approved: State v. Burnett, 6 Heisk., 188, 189; Sutton v. State, 96 Tenn., 696, 703, 705, 706; Woodard v. Brien, 14 Lea, 520, 523, 524; Burkholtz v. State, 16 Lea, 71; Alexander v. Dearmon, 2 Sneed, 119; Weaver v. Davidson Co., 104 Tenn., 315, 328; Pope v. Phifer, 3 Heisk., 695, 698, 701-704; Moore v. State, 5 Sneed, 510; State v. Leonard, 86 Tenn., 487; State v. Maloney, 92 Tenn., 68; State v. Justices, 90 Tenn., 726; Lauderdale Co. v. Fargason, 7 Lea, 153; Burnett v. Maloney, 97 Tenn., 677, 702, 703; Demoville v. Davidson County, 87 Tenn., 221, 223; Williams v. Nashville, 89 Tenn., 487; State v. Wilson, 12 Lea, 246; Ballentine v. Pulaski, 15 Lea, 633.

Cases cited as overruled: Wallace v. County Court, 3 Shannon's Cases, 553.

The Redistricting Cases.                               —

· Case cited and distinguished: Pope v. Phifer, 3 Heisk., 695.

Constitution cited and construed: Art. 1, sec. 8; art. 2, sec. 29; art. 6, secs. 1, 15; art. 11, sec. 8.

Acts cited and construed: 1847-48, ch. 111, sec. 10; 1857-58, ch. 38; 1897, ch. 124, secs. 2, 8.

15. **LEGISLATION.** Power of legislature is never exhausted while constitutionally exercised.

The power of the legislature over all matters of legislation within its domain is never exhausted so long as it may be constitutionally exercised. (*Post, p.* 286.)

Cases cited and approved: Ballentine v. Pulaski, 15 Lea, 639; Leeper v. State, 103 Tenn., 502.

Code cited and construed: Secs. 95-99 (S.); secs. 82-86 (M. & V.); secs. 77-81 (T. & S. and 1858).

16. **SAME.** Same. Power of legislature is restrained only by state and federal constitutions.

The State legislature has all the powers of legislation, except in so far as it may be restrained by the constitution of the State, or that of the United States, expressly or by necessary implication. (*Post, pp.* 291-292.)

Cases cited and approved: Pope v. Phifer, 3 Heisk., 686; Davis v. State, 3 Lea, 376; Lauderdale Co. v. Fargason, 7 Lea, 153, 154: Demoville v. Davidson Co., 87 Tenn., 226; Stratton v. Morris, 89 Tenn., 497; Henley v. State, 98 Tenn., 665, 681; Dayton v. Barton, 103 Tenn., 604.

17. **SAME.** Special act redistricting a named county is valid.

A special legislative act redistricting a certain specified county is not unconstitutional as a class legislation. (*Post, pp.* 288-292.)

See headnotes 7-9.

See citation under headnote 14.

The Redistricting Cases.

18. **QUARTERLY COUNTY COURT.** Is a constitutional court and cannot be displaced by commissioners.

The quarterly county court is a constitutional court, and it can not be displaced by a board of commissioners. (*Post, pp.* 277, 285.)

Case cited, approved and distinguished: Pope v. Phifer, 3 Heisk., 682.

19. **CONSTITUTIONAL LAW.** Legislature may itself redistrict a county: power to direct it does not take away power to do it.

Under the constitutional provision (art. 6, sec. 15) that counties shall be laid off, as the general assembly may direct, into civil districts, the word "direct" does not necessarily imply that the legislature itself shall not do the work. (*Post, pp.* 291-292.)

Constitution cited and construed: Art. 6, sec. 15.

20. **CONSTITUTIONAL LAW.** Act redistricting a county and prohibiting changes except by legislature is constitutional.

A statute redistricting a county, and providing that the civil districts thereby established shall not be increased or diminished in number in the future, except by acts of the general assembly, is not for that reason unconstitutional. (*Post, p.* 292.)

Code cited and construed: Secs. 95-99 (S.); secs. 82-86 (M. & V.); secs. 77-81 (T. & S. and 1858).

---

FROM GRAINGER.

SHIELDS, CATES & MOUNTCASTLE and M. C. MCCAND-
LESS, for Grainger county.

TEMPLETON, LINDSAY & TEMPLETON and J. M. GROVES,
for relator, Mynatt.

Appeal in error from Circuit Court of Roane County.
—GEORGE L. BURKE, Judge.

JAMES SEVIER, H. M. CARR and WRIGHT & WRIGHT, for
Roane county.

TEMPLETON, LINDSAY & TEMPLETON, for relators.

Appeal from Chancery Court of Hamblen County.—
HUGH G. KYLE, Chancellor.

Rose & Hickey, for Francisco *et al.*

Shields, Cates & Mountcastle, M. C. McCandless, Holloway & Hodges, Essary & King, Earnest R. Taylor and W. J. Donaldson, for I. T. Foster *et al.*

Appeal from Chancery Court of Hawkins County.— Hugh G. Kyle, Chancellor.

A. T. Bowen and C. W. Margraves, for relators.

Huffmaster & Chestnut, for Miller *et al.*

### FROM CLAIBORNE.

Appeal in error from the Circuit Court of Claiborne County.—C. J. St. John, Judge.

John P. Davis, for Jackson.

Hughes & Hughes, for Berry.