MYAR *v.* MITCHELL.

Opinion delivered April 23, 1904.

LOST WILL—ESTABLISHMENT.—Under Sand. & H. Dig., § 7442, providing that whenever any will shall be lost, the court of chancery shall have power to take proof of its execution and establish the same, one who relies upon a lost will to sustain his claim of title to land must prove that the will was executed as required by law.

Appeal from Ouachita Circuit Court in Chancery.

CHARLES W. SMITH, Judge.

Reversed.

*Thornton & Thornton,* for appellant.

The chancery court was without jurisdiction. Sand. & H. Dig. § 6121. The declarations of a testator should be received with great caution. 11 Ark. 596; 13 Vesey, 313; Wharton, Ev. 992; 60 Ark. 303. The facts that one learned in the law drew the will, and that there was a full attestation clause, are not of themselves sufficient to prove its execution. 84 Am. Dec. 619.

BATTLE, J. W. J. Mitchell brought an action against Henry W. Myar in the Ouachita circuit court, in equity, to recover the possession of a certain tract of land, described in his complaint, and to quiet title to the same. He alleged in his complaint that Chesley Jones was the owner of it; that Jones died in 1864, and left a last will and testament, and thereby devised it to his daughter, M. F. Mitchell, born Jones, for her life, and the remainder, at her death, to her children; that M. F. Mitchell died on the 1st day of July, 1898, leaving F. C. Mitchell, M. L. Mitchell, E. E. Rogers, born Mitchell, M. A. Buck, born Mitchell, and

the plaintiff, her children surviving; that he has, since the death of his mother, acquired the interests and estates of all the children in the land; that M. F. Mitchell, in her lifetime, conveyed it in trust to the defendant, which he foreclosed, and has since been in possession thereof. Plaintiff asked for judgment for the land, and for the cancellation of the deed of trust.

The defendant answered, and denied the allegations contained in the complaint, and alleged that A. J. Mitchell and his wife, M. F. Mitchell, were, on the 21st day of January, 1884, the owners of the land, and on that day sold and conveyed it to him, and that since that time he has held peaceable and adverse possession thereof.

The circuit court rendered judgment in favor of the plaintiff for the land, and the defendant appealed.

Appellant relied solely upon an alleged will of Chesley Jones to sustain his claim. It was proved that Jones executed a will, and afterwards departed this life. The will was lost, and no effort was made after the death of the testator to prove or probate it. No evidence was adduced to show that it was executed or published in the manner prescribed by the statute. It was no evidence of title. Sand. & H. Dig. § § 7410, 7411. The statutes of this state provide how lost wills may be established. Sand. & H. Dig. § 7442. But it does not appear that the will in question has ever been restored.

The judgment of the circuit court is reversed, and, inasmuch as the cause should have been on the law docket, it is remanded for a new trial.