BUCK SULLIVAN *v.* THE STATE.

(*Knoxville.*   September Term, 1916.)

1. **ANIMALS. Constitutional law. Statutes. Running at large. Classification. Special laws.**

Acts 1903, chapter 177, and Priv. Acts, 1911, chapter 122, prohibiting the allowing of hogs, sheep, or goats to run at large in any county of a populaton between 14,200 and 15,000, do not contravene Constitution, article 1, section 8, prohibiting the deprivation of life, liberty, or property, except by judgment of peers or law of the land, and article 11, section 8, prohibiting special laws, nor the due process of law clause of the Federal Constitution (Const. Amend. 5), the population classification being a valid one in the exercise of police power, even, though the acts are thereby limited in application to a single county. (*Post, pp.* 195-197.)

Acts cited and construed: Acts 1903, ch. 177; Acts 1911, ch. 122.

Cases cited and approved: Thomas v. State, 188 S. W., 617; Redistricting Cases, 111 Tenn., 234; State v. Turnpike Co., 133 Tenn., 446.

Constitution cited and construed: Art. 1, sec. 8; Art. 11, sec. 8.

2. **STATUTES. Classification.**

Such statutes are not unconstitutional as making an unreasonable classification in prohibiting hogs, sheep, and goats from being allowed to run at large, and making no such provision as to horses and cattle, the classification being on reasonable grounds, in that the one can be more easily fenced against than the other. (*Post, p.* 197.)

Case cited and approved: City of Memphis v. State ex rel., 133 Tenn., 83.

Sullivan v. State.

FROM RHEA.

Appeal from the Circuit Court of Rhea County.— FRANK L. LYNCH, Judge.

LEWIS S. POPE, for appellant.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The appellant was indicted for permitting his hogs to run at large in Rhea county, in violation of Act of 1903, chapter 177 and the similar Act of 1911, chapter 122.

The first of these acts makes it a misdemeanor for any owner of hogs, sheep, or goats to allow same to run at large in counties having a population by the federal census between fourteen thousand, two hundren and fifteen thousand, which margin of population has application to the county of Rhea. The later act refers to the federal census of 1910.

The first contention of appellant is that the acts contravene article 1, section 8, and article 11, section 8, of the Constitution and the due process of law clause of the Federal Constitution, in that an unreasonable and arbitrary classification is created in making the law apply alone to Rhea county while, as

insisted, it is not made applicable to other counties adjoining Rhea that are in a like situation. The case is substantially ruled by *Thomas* v. *State*, 9 Thompson (136 Tenn.), 47, 188 S. W., 617, decided at the present term of court.

An attempt to differentiate is, however, made on the ground that proof was introduced in the pending case which showed that counties adjoining Rhea county in common with it contained very large boundaries of mountain or plateau lands that are uncultivated and unfenced, and are chiefly devoted to grazing, and that while all of these counties might validly be placed in a class together, one may not be segregated from the others and its citizens alone subjected to the burden incident to an enforcement of the acts under review.

This is but an argument that presently existing conditions, set forth in proof direct or arising by way of that species of evidence that is denominated judicial knowledge or notice, may determine the constitutionality of an act of the legislature. Let us assume that lands, in one or more of such counties now devoted to stock grazing, come into general or considerable use for orcharding, would the assumed statute thereby be or become changed as to constitutional *status?* If one-half of the lands of a county are tillable and the other half are used for the grazing of stock, would such an act, as applied to it alone, or to it and others, be constitutional or unconstitutional? If it be admitted that the greater area is in use for grazing, may we declare such an act unconstitutional

even if the legislature deems that, as to one of such counties, the better policy is to discourage grazing and to encourage agricultural development thereof?

The contention of appellant furnishes no standard by which to determine the constitutionality of such measures that is not illusory; but, in essence, the court is asked to overrule the discretion vested in the legislature.

The statutes under test merely exhibit an exercise of a governmental function under the police power of the State, and such legislative acts may be made special by the use of the population standard for classification, and thus restricted to affect a certain county. *Redistricting Cases*, 111 Tenn., 234, 80 S. W., 750; *State* v. *Turnpike Co.*, 133 Tenn., 446, 188 S. W.,—.

Another argument to show unnatural and capricious classification is that owners of small stock— hogs, sheep and goats— are affected and made liable while the owners of horses and large cattle are not.

We are of opinion that reasonable grounds existed for the classification by which small live stock, or ownership, is thus segregated for classification from the large, in that the former are not to be fenced against as easily or cheaply as the latter, not to mention other reasons. *City of Memphis* v. *State ex rel.*, 133 Tenn., 83, 179 S. W., 631, L. R. A., 1916B, 1151, and cases cited.

There was no error in the judgment of the circuit court. Affirmed.