## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## EASTERN DIVISION

---

T. G. JORDAN *et al. v.* CITY OF CLEVELAND.\*

(*Knoxville.* September Term, 1922.)

1. **STATUTES.** When act may embrace two subjects without being wholly invalid stated.

Under Constitution, article 2, section 17, declaring that no bill shall have more than one subject, that subject to be expressed in the title, an act may embrace two subjects without being wholly invalid, where the matters not falling under the title are distinctly severable and not so interwoven as that the court can see the legislature would not have passed the act with that subject omitted, if the caption of the act manifests only one purpose and itself embraces only one subject. (*Post, pp.* 341-343.

Acts cited and construed: Acts 1919, ch. 631; Acts 1903, ch. 307. Constitution cited and construed: Sec. 17, art. 2.

2. **STATUTES.** Improvement act containing two subjects held not invalid as subject not expressed in title is severable.

---

\*On question as to whether special assessment is a tax, see note in 3 L. R. A. (N. S.), 837.

On single statute embodying Code or compilation of laws as affected by prohibition against plurality of subjects, see note in 55 L. R. A., 840.

Though Private Acts 1919, chapter 631, providing for the creation
of improvement districts in the city of Cleveland and for the open-
ing, building and improvement of highways, has two subjects be-
cause of section 22, relating to the power to require railroad com-
panies to build and maintain bridges which subjects is not ex-
pressed in the. title this subject is severable from the general sub-
ject, and the act is not violative of Constitution, article 2, section
17. (*Post, pp.* 343-346.)

Cases cited and approved:   State ex rel. v. Trewhitt, 113 Tenn.,
5 1;   State v. Hayes, 116 Tenn., 40;   State ex rel. v. Taylor, 119
Tenn., 229.

Cases cited and distinguished:   McCamey v. Cummings, 130 Tenn.,
505;   State v. Cumberland Club, 136 Tenn., 101.

3. **TAXATION.** Statute held not unconstitutional as vesting in im-
provement commissioners power to levy taxes.

Private Acts 1919, chapter 631, relative to improvement districts
in the city of Cleveland, does not vest in the improvement com-
missioners power to levy taxes in violation of Constitution, article
2, section 29, but lays out a specific plan for arriving at the
amount to be assessed, and the commissioners have nothing to do
with fixing the taxes to be assessed other than as an agency of
the municipality to determine by fixed rules the amount by law
required to be assessed. (*Post, p.* 346.

4. **TAXATION.** Assessments under improvement act are not taxes
within Constitution.

Assessments under Private Acts 1919, chapter 631, providing for
the opening, building, and improving of highways in the city of
Cleveland, are special assessments and not taxes within Con-
stitution article 2, section 29, limiting legislative power to au-
thorize impositon of taxes to counties and incorporated towns.
(*Post, p.* 346.)

Cases cited and approved:   Arnold v. Knoxville, 115 Tenn., 195;
State ex rel. v. Powers, 124 Tenn., 553.

5. **Constitutional law.   Municipal corporations.   Statutes.   Private
act providing for opening building and improving highways in
city and for improvement districts held valid.**

Jordan v. City of Cleveland.

Privilege Acts 1919, chapter 631, providing for the opening, building, and improving of highways in the city of Cleveland, and for improvement districts, *held* not in violation of Constitution, article 1, section 8 prohibiting deprivation of property without due process of law, and article 11, section 8, prohibiting class legislation, but valid under the constitutional provisions authorizing municipalities to levy taxes for corporate purposes. (*Post, pp.* 346-349.)

Acts cited and construed: Acts 1919, ch. 631; Acts 1872, ch. 12.

Cases cited and approved: Ballentine v. Pulaski, 83 Tenn., 633; Redistricting Cases, 111 Tenn., 234; State v. Wilson, 80 Tenn., 246; Todtenhausen v. Knox County, 132 Tenn., 169.

Cases cited and distinguished: Williams v. Nashville, 89 Tenn., 487; Quinn v. Hester, 135 Tenn., 373; City of Memphis v. Hill, 141 Tenn., 251.

6. **MUNICIPAL CORPORATIONS.** Averment by complainants not unchallenged, and burden on them to prove it.

Where complainants in suit for injunction averred that paving assessments under Private Acts 1919, chapter 631, were greatly in excess of the statutory, and the answer alleged that defendants were not sufficiently advised either to admit or deny such allegation, but averred on information and belief that the value of the property was considerably in excess of that named in the bill, and hence demanded strict legal proof, the averment was not unchallenged, and complainants were bound to prove it. (*Post, pp.* 349, 350.

7. **MUNICIPAL CORPORATIONS.** Owner of lot not entitled to delay street improvement, because assessment exceeded statutory maximum, there being remedy by appeal.

If paving assessments under Private Acts 1919, chapter 631, are in excess of twenty-five per cent. of the value of the improved lot, an owner is not entitled to delay the improvement by injunction, as the act provides for an appeal from the assessment and section 9 provides that if it should be found on appeal that the lost is overassessed the excess becomes an obligation against the city. (*Post, pp.* 349, 350.)

Jordan v. City of Cleveland.

8. **MUNICIPAL CORPORATIONS.** Formal dedication of highway not necessary.

Formal dedication is not necessary to give a municipality jurisdiction and authority over a public highway. (*Post, pp.* 350, 351.)

9. **MUNICIPAL CORPORATIONS.** Formal acceptance · or dedication of country road not necessary.

That there was no formal acceptance by a municipality of a country road, or dedication thereof, did not prevent it from being one of the public streets and alleys, which, under Privilege Acts 1919, chapter 631, the city was under duty and had the right to maintain *Post, p.* 351.)

10. **MUNICPAL CORPORATIONS.** Bill to enjoin improvement property dismissed for failure to support allegation by proof.

Bill in a suit to enjoin a municipality from prosecuting an improvement project under Private Acts 1919, chapter 631, was properly dismissed for failure of proof to support allegation that inclusion of macadamized street in improvement district was unreasonable exercise of judgment. (*Post, pp.* 351, 352.)

11. **MUNICIPAL CORPORATIONS.** Contractors not entitled to intervene in injunction suit by property owner.

Contractors contracting with the municipality to make improvements authorized by Private Acts 1919, chapter 631, have no interest entitling them to intervene in suit by a property owner against the municipality to restrain the prosecution of the improvement project, since they have a complete remedy for any damages sustained. (*Post, p.* 352.)

GREEN, C. J., dissenting in part.

---

FROM BRADLEY.

---

Appeal from the Chancery Court of Bradley County.— HON. T. L. STEWART, Chancellor.

SIZER, CHAMBLISS & CHAMBLISS, for Gordon and others.

D. SULLINS STUART, for City of Cleveland.

MR. L. D. SMITH, Special Judge, delivered the opinion of the Court.

The complainants in this cause, being residents of and property owners in the city of Cleveland, whose properties front and abut on an avenue which the city authorities were about to pave under the provisions of chapter 631 of the Private Acts of 1919, brought this bill to enjoin the city authorities from prosecuting the work of paving Wildwood avenue.

A temporary injunction was obtained. The case was heard by consent before the chancellor at chambers, upon the bill and answer and the entire record, particularly upon the motion of the city to dissolve the injunction. The chancellor dissolved the injunction, and dismissed the bill. His action is the basis of the appeal by the complainants to this court. One of the grounds upon which the complainants sought to enjoin the city officials was that the act aforesaid, by authority of which they were acting, is unconstitutional and void in three respects:

First, because violative of section 17 of article 2 of the Constitution, which declares that no bill shall become a law which has more than one subject and that subject to be embraced in the title or caption of the act. The act in question is entitled:

"An act to amend chapter 307 of the Acts of 1903, the same being an act incorporating the city of Cleveland in the county of Bradley, and all acts heretofore passed amendatory thereof, so as to authorize and provide for the creation of improvement districts for the purpose of

opening, widening, extending, paving, macadamizing, graveling, and otherwise improving highways, streets, avenues or alleys within the corporate limits of said city; to provide for the appointment of improvement district commissioners, the payment for said improvements, the assessments of a portion of the cost thereof upon the land lying adjacent to or abutting on the highways, streets, avenues or alleys so improved."

The entire act relates directly to the purposes stated in the caption of this act, which expresses the purpose of making provisions by means of the creation of improvement districts for opening, building, and improving the streets of the city of Cleveland, with the exception of section 22 of the act. That section reads:

"Be it further enacted, that the power is hereby conferred upon said mayor and aldermen of the city of Cleveland in its corporate capacity, to require, by ordinance, railroad companies to build, maintain, repair, or replace, at their own expense, such bridges over their tracks, when the same cross any of the streets of said city as the board of mayor and aldermen may deem necessary to the safety and convenience of the public traveling on said streets, and said board of mayor and aldermen may prescribe all reasonable regulations touching the kind and character of bridges to be built and the manner of maintaining them. Providing, that the costs of construction and maintenance of all approaches to said bridges shall be paid by the city of Cleveland."

This section 22 plainly relates to an entirely different subject from the purposes of the act set forth in the caption. The power to require railroad companies to build and maintain bridges over their tracks at their own ex-

pense has no connection whatever with the general purposes of the law stated in the caption—to create improvement districts and make provisions by means thereof for improving the streets of the city. This power is given to the mayor and aldermen of Cleveland without reference to any improvement district or any provision for improving the streets provided for in the caption and the body of the act. This power exists whether any improvement districts are created or not, and is wholly independent and disconnected with any possible provision in the balance of the act.

The act does, therefore, contain two subjects, and is literally within the inhibition of the constitutional provision referred to. But the settled interpretation of this clause of the Constitution is that an act may embrace two subjects where the matters not falling under the title are distinctly severable and not so interwoven as that the court can see the legislature would not have passed the act with that subject omitted. Personally, the writer cannot agree to the soundness of that interpretation, but it has so often been held and so long acquiesced in that it will be followed. Prior to the case of *State ex rel.* v. *Trewhitt,* 113 Tenn., 561, 82 S. W., 480, it had been held in numerous cases that the court had the right under this provision of the Constitution to exscind from an act an unconstitutional section, if it were not so interwoven with the rest, of the act as that the court could see the legislature would not have passed it with that provision left out. All these cases had under consideration some provision which was violative of other sections of the Constitution than section 17 of article 2. Prior to the Trewhitt Case it had been frequently said by this court

that the constitutional provision is mandatory and the whole act is void when in violation thereof, but these cases did not deal with cases where the objectional subject might be exscinded. The question was directly presented in the Trewhitt Case, and followed in *State* v. *Hayes,* 116 Tenn., 40, 93 S. W., 98; *State ex rel.* v. *Taylor,* 119 Tenn., 229, 104 S. W., 242; *McCamey* v. *Cummings,* 130 Tenn., 505, 172 S. W., 311, and possibly others. In the latter case it was said that the reason of the decision is fully stated in Black's Constitutional Law, as follows:

"Where the act is broader than its title, the portion in excess of the title will be declared void, if this can be done without destroying the rest of the enactment, as where the title of the act relates to 'all citizens' and the body of the act to 'all persons.' In such a case, in order to entitle a party to the benefit of the act, it must be alleged and proved that he is a citizen. If the act embraces distinct subjects which are not expressed in the title, and also subjects which are expressed in the title, it is void as to the former, but not necessarily void as to the latter. It is then subject to the rule that an act unconstitutional in part will not be declared void *in toto* if the valid portions 'are separable from the void provisions and capable of enforcement, independently of such void provisions, unless it shall appear that all of the provisions of the act are so dependent on each other, operating together for the same purpose, or are otherwise so connected together in meaning, that it cannot be presumed that the legislature would have passed the one without the other provision. And where the title embraces two objects, and the act embraces two subjects, so that it is impossible to tell which object was intended by the legislature, the courts

are not at liberty to select one object and sustain the law as to that alone; the whole act must fall.' "

It should be borne in mind that this rule is only applied when the caption of the act manifests only one purpose and itself embraces only one subject.  Here the caption of the act gives no intimation, or indication whatever of the subject legislated upon in section 22.  It indicates and embraces but one subject and purpose.  The court, therefore, must determine whether or not the subject legislated upon in section 22 is distinctly severable and not so interwoven as that we can see the legislature would not have passed the act with that subject omitted.  The determination of this question must be approached bearing in mind that the doctrine of excision, to which we have referred—"is one of extreme delicacy, and it is never applied when any doubt exists as to its applicability, or as to the power of the court to invoke it in the particular case." *State* v. *Cumberland Club,* 136 Tenn., 101, 188 S. W., 587.

It is plainly manifest that this feature of the act is in' no way interwoven with the general purpose of the act _s shown by the caption, and is entirely severable from the general purposes of the balance of the act.  It has absolutely nothing whatever to do with the assessment or liability of property owners; it is wholly disconnected with the creation of improvement districts; the district commissioners have absolutely nothing to do with it; and the rights and liabilities of abutting property owners and taxpayers are in no way affected thereby.  The act presents a clear situation in which the court can, with its knowledge of affairs, clearly see that the legislature passed this act without reference to this provision.  We cannot, of

course, assume that the legislature passed it in order that it might be declared unconstitutional. They were, of course, willing to pass a law on both subjects, and, since the subject dealt with in section 22 in no way affects the merits or demerits or operation of the general subject expressed in the act, we must conclude that the legislature would have passed the law with this latter subject elided. The act is, therefore, when section 22 is elided, not objectionable to the constitutional provisions.

Second. It is next contended that this act is unconstitutional in that it permits the improvement district commissioners to assess and levy taxes upon the inhabitants of the town of Cleveland, whereas section 29 of article 2 of the Constitution limits the power of the legislature to authorize the imposition of taxes to the several counties and incorporated towns within the State. This is a misconception of the provisions of the act itself. The act does not vest this power of levying taxes in the commissioners. The act itself lays out a specific and definite plan for arriving at the amount to be assessed against abutting property owners, and the district commissioners have nothing whatever to do with fixing the amount of taxes to be assessed against property other than as an agency of the municipal government to ascertain and determine by fixed rules the amount by law required to be assessed. Furthermore, the act is not subject to this attack, because assessment made upon abutting property for paving purposes in the manner assessed by this act are not taxes within the meaning of this clause of the Constitution, but are special assessments. *Arnold* v. *Knoxville,* 115 Tenn., 195, 90 S. W., 469, 3 L. R. A. (N. S.),

837, 5 Ann. Cas., 881; *State ex rel.* v. *Powers,* 124 Tenn., 553, 137 S. W., 1110.

Third.  The act is also attacked as being violative of section 8 of article 11 and section 8 of article 1; the latter protecting the citizen against being deprived of his property without due process of law, and the former against class legislation.  This particular question has so frequently been before the court in cases similar to this that it can no longer be said to be an open one.  The act is purely one relating to governmental purposes within the constitutional provision authorizing municipalities to levy taxes for corporate purposes.

This court has repeatedly passed upon private and special acts of this character, invariably holding the same constitutional.  *Ballentine* v. *Pulaski,* 15 Lea (83 Tenn.), 633; *Williams* v. *Nashville,* 89 Tenn., 487, 15 S. W., 364; *Redistricting Cases,* 111 Tenn., 234, 80 S. W., 750; *Quinn* v. *Hester,* 135 Tenn., 373, 186 S. W., 459; *City of Memphis* v. *Hill,* 141 Tenn., 251, 208 S. W., 613.

The case of *Ballentine* v. *Pulaski* seems to be the leading case, on this question.  In 1885 (chapter 35) the legislature by a special act amended the charter of Pulaski, providing for the establishment of a special system of free school for the town of Pulaski notwithstanding the fact that by chapter 12 of the Acts of 1872 (Sp. Sess.) a general law had been passed applicable to all municipal corporations within the State.  The court in this case held not only that the act of 1885 was not unconstitutional but that the town of Pulaski might proceed either under the special or the general law.  *Ballentinne* v. *Pulaski,* 15 Lea (83 Tenn.), 633, 636.

The case of *Williams* v. *Nashville* involved the constitutionality of chapter 33 of the Acts of 1890, which was a special law annexing territory to the city of Nashville different from the provisions of chapter 114 of the Acts of 1883, the same being the law under which Nashville was originally incorporated. In this case the court, speaking through Justice CALDWELL, said:

"Without entering into a discussion of this provision of the Constitution, we content ourselves with a citation of cases in which it has been adjudged to apply only to private and not to municipal corporations. *State* v. *Wilson*, 12 Lea, 246; *Ballentine* v. *Mayor and Aldermen of Pulaski*, 15 Lea, 633." *Williams* v. *Nashville*, 89 Tenn 487, at page 490, 15 S. W., 364.

Both the cases of *Ballentine* v. *Pulaski* and *Williams* v. *Nashville* were quoted with approval in the Redistricting Cases. *Dedistricting Cases*, 111 Tenn., 235, at page 267, 80 S. W., 750, at page 757.

In the case of *Quinn* v. *Hester*, the court in an opinion by Justice GREEN said: "In reply to the third objection to the act that it suspends general statutes for the benefit of this school district, in violation of section 8 of article 11 of the Constitution, we may observe that it has been settled by a long line of cases in Tennessee that the constitutional provision referred to does not inhibit special legislation respecting municipal corporations. *State* v. *Wilson*, 80 Tenn. (12 Lea), 246; *Ballentine* v. *Pulaski*, 83 Tenn., (15 Lea), 633; *Williams* v. *Nashville*, 89 Tenn. 487, 15 S. W., 364; *Redist. Cases*, 111 Tenn., 234, 80 S. W., 750; *Todtenhausen* v. *Knox County*, 132 Tenn., 169, 177 S. W., 487." *Quinn* v. *Hester*, 135 Tenn., 373, at page 379, 186 S. W., 459, at page 460.

Jordan v. City of Cleveland.

In referring to the special assessment law for the city of Memphis, the court in the case of *Memphis* v. *Hill* said:

"That the legislature could in its discretion have adopted one or more of several modes of establishing the proper correlation between such assessments and the benefits conferred is well settled." *City of Memphis* v. *Hill,* 141 Tenn., 251, at page 255, 208 S. W., 613, at page 614.

We conclude therefore, there is no constitutional objection to this statute.

The decree of the chancellor is complained of, because it did not suspend the proposed improvements of the city until the true amount chargeable against abutting property under the provisions of the act had been ascertained and determined. This is based upon a provision in the act to the effect that the assessment for paving upon any lot shall not exceed twenty-five per cent. of its value exclusive of improvements. It is said that the averments to the effect that all of the assessments made by the commissioners and approved by the mayor and aldermen on the properties of the plaintiff are greatly in excess of the twenty-five per cent. maximum, are not met by the answer and the proof, and therefore the bill should not have been dismissed. In the answer the defendants say that they are not sufficiently advised either to admit or deny that the assessment of the property of complainants exceeds twenty-five per cent. of its value, but they aver on information and belief that the value of the property is considerably in excess of that named in the bill, and therefore they demand strict legal proof of this averment. Under this state of the pleadings it cannot be said that the averment of the bill stands unchallenged. The complainants were required to prove the averment. They

offered no proof, but submitted the case to the court for adjudication upon the bill, the answer, and the affidavit. Furthermore, the complainant cannot be prejudiced in his rights by reason of the work being proceeded with on this account. A provision is made in the act which affords to the complainants ample remedy against a condition of this kind. They have an appeal from the assessment, and the bill shows that the complainants have appealed and their appeals are pending. A method of determining this question is provided for by the act, and complainants are not entitled to have the progress of improvements stopped by injunction, but they are entitled to the remedy which they are prosecuting by an appeal.

Section 9 of the act requires that the commissioners shall proceed with the paving of said improvements as promptly as practicable, provided there shall be funds available to pay the city's part of the cost. This provision of the act not only affords ample protection against an excessive assessment so that no owner shall be required to pay an excess of over twenty-five per cent. of the value of his property, but it also provides that any excess shall be paid by the city, so that in no event can the complainants be injured. If upon the appeal it should turn out that the complainants' property has been over-assessed, the excess becomes an obligation against the city, and there would appear to be no reason for suspending the improvement pending the appeal of the property owner.

Again, it is said that the chancellor erred in his action in dismissing the bill without disposing of all the objections made in the bill to the validity of the proceedings under which the work in controversy was being prosecuted. The particular thing pointed out in the assign-

ment of error in this respect is that the bill alleges among other things that Wildwood avenue within the proposed improvement limits has never been formally dedicated as a street, and, further, that the mayor and aldermen had no authority to create this district, because Wildwood avenue was well macadamized some years ago and in good repair, and that the action on the part of the mayor and aldermen, therefore, was an unreasonable exercise of the discretion and judgment conferred upon the board by the act. By referring to the original bill, it will be seen that, while it does allege that Wildwood avenue has never been formally dedicatéd as a street, it is alleged that it is a country road within the corporate limits, well macadamized and in good repair. Formal dedication is not necessary to give a municipality jurisdiction and authority over a public highway.

The act authorizes the paving of streets, as well as repairing them. The mere fact that there was no formal acceptance of this country road or dedication does not prevent it from being one of the public streets and alleys which the city was under the duty and had the right to maintain and improve.

There is nothing in this record, outside of the bill, to show that the action of the board in deciding to create this particular improvement was an unreasonable exercise of judgment. The averment of the bill was denied by the answer. The case was heard upon the bill and the answer and upon affidavits by consent. There being no proof to support complainants' bill, the chancellor was entirely right in not refusing to dismiss the bill on account of the matters set up in this particular assignment.

Jordan v. City of Cleveland.

We conclude, therefore, that there is no error in the decree of the chancellor in dismissing the bill, and same will be affirmed, with costs.

There was an intervening petition presented to the chancellor by the contractors who had entered into a contract with the city to make these improvements. It was disallowed by the chancellor, and petitioners have appealed. The chancellor was entirely correct in holding that these petitioners had no interest whatever in this litigation. They have a complete remedy for any damages they may have sustained by reason of the action of the complainants in this case.

The cost incident to their petition is adjudged against them.

GREEN, C. J., 1 concur in the result. It seems to me that, under well-settled rules, section 22 should be construed so as to give the city power to regulate railroad bridges only at crossings within the limits of the particular improvement district projected. So restricted, the power granted is but an incident of the power to improve the streets within such district, and is easily comprehended within the caption of the act. I do not agree to the elision of section 22, nor do I see any occasion for the discussion of the doctrine of elision contained in the opinion.