TRUSTEES OF NEW PULASKI CEMETERY *v.* SALLIE BALLEN-
TINE *et al.*\*

(*Nashville.*   December Term, 1924.)

1. **EMINENT DOMAIN.** Power of eminent domain is independent of
   Constitution, but requires legislative action to exercise it.

   Power of eminent domain is independent of Constitution, but requires
   legislative action declaring objects to which and mode and agency
   through which power shall move.   (*Post, pp.* 625-627.)

   Acts cited and construed: Acts 1923, ch. 244; Acts 1855-56, sec. 15, ch.
   . 192.

   Cases cited and approved: Phosphate Co. v. Phosphate Co., 120 Tenn.,
   276; Railroad Co. v. Cemetery Co., 116 Tenn., 400; White v. N. & N.
   Railroad Co., 54 Tenn., 536; Railroad v. Memphis, 126 Tenn., 283;
   Smiddy v. Memphis, 140 Tenn., 97; State v. Wilson, 80 Tenn., 246;
   Furnace Co. v. Railroad, 113 Tenn., 722; Fleming v. Memphis, 126
   Tenn., 331; Redistricting Cases, 111 Tenn., 272.

   Constitution cited and construed: Art. 11, sec. 8; Art. 1, sec. 8.

2. **EMINENT DOMAIN.** Act conferring right of eminent domain on
   cemetery corporation held not valid as an exercise of police power.

   Private Acts 1923, chapter 244, conferring right of eminent domain
   on cemeteries, and being limited in its scope under population
   standard to Giles county, which renders it applicable to resident
   cemetery corporation organized under Acts 1855-56, chapter 192,
   section 15, to exclusion of cemetery corporations situated in other
   counties, *held* not valid as an exercise of police power; cemetery cor-
   poration being a private corporation, and no matter of public health
   . being involved.   (*Post, pp.* 627, 628.)

   Acts cited and construed: Acts 1923, ch. 244.

Trustees of New Pulaski Cemetery v. Ballentine.

Cases cited and approved: Highway Department v. Mitchell's Heirs, 142 Tenn., 67; Sullivan v. State, 136 Tenn., 197; Ponder v. State, 141 Tenn., 489.

3. **STATUTES.** Act conferring right of eminent domain on cemetery corporations held unconstitutional, where classification unreasonable.

Private Act 1923, chapter 244, conferring right of eminent domain on cemeteries, and being limited in scope by population standard to Giles county, which renders it applicable to resident cemetery corporation organized under Acts 1855-56, chapter 192, section 15, to exclusion of cemetery corporations situated in other counties, *held* violative of Constitution article 1, section 8, article 11, section 8, forbidding special laws; there being no reasonable basis for classification made. (*Post, pp.* 628, 629.)

4. **STATUTES.** When classification reasonable within constitutional requirement stated.

Classification is reasonable within constitutional requirements if subject-matter bears some relation to classification made and objects intended, and affects alike all within particular classification. (*Post, pp.* 628, 629.)

Case cited and approved: State v. Turnpike Co., 133 Tenn., 446.

*Headnotes 1. Eminent Domain, 20 C. J., Sections 2, 23; 2. Eminent Domain, 20 C. J., Section 25; 3. Statutes, 36 Cyc., p. 1000; 4. Constitutional Law, 12 C. J., Section 855; Statutes, 36 Cyc., pp. 992, 993.

FROM GILES.

Appeal from the Circuit Court of Giles County.—HON. W. B. TURNER, Judge.

DAVID RHEA, J. C. EDWARDS and KEEBLE & SEAY, for New Pulaski Cemetery.

ESLICK & ESLICK and PITTS, McCONNICO & HATCHER, for Ballentine.

Mr. Justice Cook delivered the opinion of the Court.

This appeal involves the validity of chapter 244, Private Acts of 1923, which provides:

"That in counties having a population of not more than thirty-one thousand nor less than thirty thousand nine hundred, according to the federal census of 1920, or any subsequent federal census, cemeteries incorporated under the laws of this State for the public good, and not for private gain, shall have the right of eminent domain for the purpose of making needed extensions or additions, said right to be exercised under provisions of general law."

The act is limited in its scope, under the population standard, to Giles county.

Plaintiff is a corporation created by chapter 192, Acts of 1855-56, section 15, which provides:

"That the mayor and aldermen of Pulaski shall have the power at any of their regular meetings to elect as many as twelve persons, who shall be proprietors of lots in the new Pulaski Cemetery at the time of said election, who are hereby incorporated when so elected, as a corporation in law, under the name and style of the 'trustees of the New Pulaski Cemetery,' and who shall have perpetual succession, and the right of filing any vacancies that may occur in their body, by electing new members, who shall be proprietors of lots in said cemetery, to fill their places, as such vacancies shall occur by death, resignation, removal or otherwise, and by that name shall be able and capable to have and use a common seal, to sue and be sued, plead and be impleaded, and to do all such other things as are incident to a corporation."

Subsequent sections authorize the corporation to acquire and hold land for cemetery purposes, to lay out and ornament the grounds, to sell lots, and make supervisory regulations. This special act incorporating the plaintiff company did not confer upon it the power of eminent domain. No subsequent general law confers the power upon cemetery associations or companies. Supposing that, under the power of eminent domain, land may be taken by cemetery associations for public use (*Phosphate Company* v. *Phosphate Co.,* 120 Tenn., 276, 113 S. W., 410, 22 L. R. A. [N. S.], 701; *Railroad Company* v. *Cemetery Co.,* 116 Tenn., 400, 94 S. W., 69, 20 Corpus Juris, section 72, p. 586); the question is here presented of whether the power has been legally conferred by the act of 1923, through which the plaintiff is moving. The trial judge sustained a demurrer to the petition, holding the act violative of article 11, section 8, and article 1, section 8, of the Constitution.

It is urged by plaintiff that this conclusion was erroneous, because the power of eminent domain exists independent of and apart from the Constitution; and that the State, through the legislative department, may directly exercise the power, subject only to the constitutional injunction against taking (1) private property for private use, and (2) private property for public use without adequate compensation. The power is independent of the Constitution in the sense that sanction, under the Constitution, is not a prerequisite to its exercise (under appropriate circumstances). *White* v. *N. & N. Railroad Co.,* 7 Heisk. (Tenn.), 536.

The power is, however, dormant and requires legislative action declaring the objects to which, and the mode

and agency through which, the power shall move. 20 Corpus Juris, section 23, p. 533. The power of eminent domain must be vitalized by a statute, and the statute must be valid.

The inquiry, therefore, is whether a statute is valid which awakens the power of eminent domain to serve a private, or *quasi*-public corporation within a restricted area, as in this case, which confers upon a cemetery association within a single county the power of eminent domain to the exclusion of cemetery corporations situated in other counties of the State, and which subjects the property of citizens within this restricted area to an exercise of the power from which all property in the other counties of the State is exempt.

It must be observed that the plaintiff does not occupy the favored position of a county, city, or town, which as subdivisions or arms of the State may be authorized by a special act to appropriate private property for necessary public use.

Where the State is exercising the power on behalf of a county or municipality, a particular property may be directly selected by legislative enactment on behalf of such municipality or county for the public use. *Railroad v. Memphis,* 126 Tenn., 283.

Statutes affecting municipal corporations in their governmental capacity by name or by classification are not always obnoxious. *Smiddy* v. *Memphis,* 140 Tenn., 97, 203 S. W., 512; *State* v. *Wilson,* 12 Lea, 246; *Furnace Co.* v. *Railroad,* 113 Tenn., 722, 87 S. W., 1016.

Article 11, section 8, of the Constitution forbids legislation granting favors and benefits to an individual inconsistent with the general law, and article 1, section 8,

forbids the imposition of burdens upon an individual not borne alike by others within the class. While these provisions do not forbid special laws for the regulation of individual counties and municipalities by name or classification according to the population standard, such special statutes are void, if designed to immediately and partially affect the rights of citizens, whether natural or artificial, in their property rights, without affecting others under similar circumstances. *Fleming* v. *Memphis,* 126 Tenn., 331, 148 S. W., 1057, 42 L. R. A. (N. S.) 493, Ann. Cas., 1913 D, 1306; the *Redistricting Cases,* 111 Tenn., 272, 80 S. W., 750.

It is insisted on behalf of plaintiff that chapter 244, Private Acts of 1923, is an exercise of sovereignty on behalf of a public corporation in furtherance of the police power. Plaintiff is a private corporation, seeking to take property under the laws of eminent domain through an empowering statute. The statute through which it moves does not belong to the class of acts sustained as an exercise of governmental power in behalf of counties or municipalities as arms or agencies of the State (*Railroad* v. *Memphis,* supra, *Highway Department* v. *Mitchell's Heirs,* 142 Tenn., 67, 216 S. W., 336), nor to the class of statutes sustained as a legitimate exercise of the police power (*Sullivan* v. *State,* 136 Tenn., 197, 188 S. W., 1153; *Ponder* v. *State,* 141 Tenn., 489, 212 S. W., 417). The legislature is not here exercising the right of eminent domain in its own behalf, nor that of one of its subdivisions; the police power cannot be invoked as a means of sustaining the act, because no matter of public health is involved. At most, it is a matter of public convenience, or a laudable sentiment that would

prefer enlarging an overcrowded cemetery, rather than seek another remote or apart from the one established.

The remaining question is whether the act, limited in its scope by the population standard to counties of between thirty-one thousand and thirty-one thousand nine hundred, can be sustained as a reasonable classification under article 11, section 8, and article 1, section 8, of the Constitution. There is no precise general rule by which to distinguish reasonable from unreasonable classification. If the subject-matter bears some relation to the classification made, and the objects intended, and affects alike all within the particular class, it is reasonable. But general legislation cannot be legally limited to a particular locality by the population standard, when that mode of classification bears no relation to the subject-matter, and is adopted for the sole purpose of confining laws inherently general to a particular locality. *State v. Turnpike Co.*, 133 Tenn., 446, 181 S. W., 682.

Laws which confer upon private corporations the right of eminent domain and thus increase their power are inherently general, and cannot be confined to a particular locality. Article 11, section 8. If salutary, their benefits should be shared by all in like situation throughout the State; if unwise they should not be passed without challenging the attention, judgment, and vote of all the representatives. *State* v. *Turnpike Company*, supra.

This act confers the power of eminent domain upon cemetery corporations within a restricted territory, and necessarily excludes similar corporations elsewhere in the State from participation in the particular benefit conferred. It subjects the property of citizens within the restricted territory to the uses of cemetery corporations,

Trustees of New Pulaski Cemetery v. Ballentine.

by conferring upon them a power that cannot be exercised by any similar corporation elsewhere in the State.

Whether a statute is public or private, general or special, if it attempts to create distinctions and classifications which are unnatural, it cannot be sustained.

There is no error in the judgment of the trial court, and it is affirmed.