GOUGE *et al. v.* MCINTURFF, SHERIFF, *et al.*

(*Knoxville,* September Term, 1935.)

Opinion filed April 9, 1936.

L. H. ALLRED, FRED BAUGHMAN, JAMES G. BARE, and FRED D. BOOTH, all of Erwin, and D. A. VINES, of Johnson City, for J. M. Gouge and others.

GUINN, MITCHELL & ERWIN, of Johnson City, for CARL MCINTURFF, sheriff and others.

MR. JUSTICE COOK delivered the opinion of the Court.

The petition for rehearing presents the propositions, first, that defendants McInturff, sheriff, Erwin, county judge, Chandler, county court clerk, and Grayson, District Attorney General, were made parties solely by virtue of their official position, and, having no justiciable interest, there is a total lack of jurisdiction upon which to rest a declaratory decree; and, that being true, they insist that the jurisdictional question may be raised in this court notwithstanding it was not done in the trial court. *Cummings* v. *Shipp,* 156 Tenn., 595, 3 S. W. (2d), 1062; *Perry* v. *Elizabethton,* 160 Tenn., 102, 22 S. W. (2d), 359, are cited in support of this insistence.

Second. If the court has jurisdiction to render a decree under the declaratory judgments law, it is urged that the primary purpose of the act (Priv. Acts 1935, ch. 410), was to create an inferior court and the provisions

of the act beyond that purpose are severable and may be elided. *Reelfoot Lake Levee District* v. *Dawson,* 97 Tenn., 151, 36 S. W., 1041, 34 L. R. A., 725; *Jordan* v. *City of Cleveland,* 148 Tenn., 337, 255 S. W., 377; *Hunter* v. *Connor,* 152 Tenn., 258, 277 S. W., 71, were relied on to support the second proposition.

Third. That since defendants have no personal interest in the controversy they should not be taxed with any portion of the costs. District Attorney ·General Grayson was made a party defendant pursuant to a provision of the declaratory judgments law in cases involving the constitutionality of statutes. Otherwise, he had no interest. But the other defendants had a justiciable interest. The office of county judge was conferred upon the defendant Erwin by section 5 of the act, and by section 12 his salary was fixed at $2,400 a year. By section 10 of the act, the defendant McInturff was authorized to assign two deputies for service in the newly created court at salaries of $1,200 a year each, and, in addition, he was authorized, contrary to the general salary law, to let his deputies serve processes in the new court and retain all the fees for such service. By section 7 of the act, the county court clerk was declared clerk of the newly created court, thus materially enhancing the emoluments of his office. These defendants were not only necessary and proper parties, but they had a real interest in the controversy.

Having waged the litigation to a final conclusion on appeal, they may not now disclaim interest for the purpose of defeating jurisdiction nor of avoiding liability for costs taxable as a general rule against the losing party.

 As stated in the opinion heretofore filed, it cannot be supposed that the Legislature would have enacted this statute with the unrelated and objectionable provisions of the act eliminated. The act was as much the expression of a purpose to abolish the county road commission and strip justices of the peace of all their judicial powers as it was an act to create a special court. The caption expressed none of these purposes. It contained no reference to the provisions which in effect abolished the courts of justices of the peace throughout Unicoi county by stripping them of both criminal and civil jurisdiction; abolished the county road commission under a caption declaring its purpose to abolish the office of chairman of the road commission; and enhanced the emoluments of the sheriff's office without suggestion of that purpose. The elimination of the objectionable matter is not permissible under doctrine of *State* v. *Cumberland Club,* 136 Tenn., 84, 101, 188 S. W., 583, and *Jordan* v. *City of Cleveland,* 148 Tenn., 337, 255 S. W. 377, for the reason that there is at least doubt as to whether or not the act would have been passed with the void provisions eliminated. To go beyond that rule would result in the judicial assumption of legislative power.

Since it appears, however, that the District Attorney General has no interest in the subject-matter of litigation, he should not be taxed with any portion of the costs. To that extent rehearing is granted. Judgment will be entered retaxing the costs to relieve the District Attorney General of any portion of it. With that modification, the decree is reaffirmed.